**PETROLEUM REFINING COMPANY et al.,**
Appellants,

v.

**Ray McGLOTHLIN, Sr., et al., Appellees.**

No. 4242.

Court of Civil Appeals of Texas.

Eastland.

June 21, 1968.

Rehearing Denied July 12, 1968.

Royal H. Brin, Jr., Dallas, for appellants.

Jack K. Currey, Abilene, for appellees.

GRISSOM, Chief Justice.

Petroleum Refining Company et al. sued Ray McGlothlin, Sr., and others for $30,-982.13 which they alleged belonged to Petroleum Refining Company but had been, by a mutual employee, improperly transferred, about five years previously, to Petroleum Products Company, a corporation of which defendants were officers, directors or stockholders, and that, upon dissolution of Products Company, defendants received the benefit thereof.

On December 6, 1967, the defendants filed a motion to dismiss the case for want of prosecution. They alleged the suit was filed in February, 1964, and that all defendants, except Smiser, were soon thereafter served and answered on March 20, 1964; that service was obtained on Smiser on February 4, 1965, whereupon, he filed a plea of privilege which was overruled, he appealed and the judgment was affirmed on December 17th, 1965; that defendants filed an amended answer in February, 1966; that on March 2, 1966, plaintiffs served 24 written interrogatories on Ray McGlothlin, Sr.; that he answered all but two on

March 16th, after he had filed objections to two on March 11th; that his objections were set for hearing on March 31, 1966, but the hearing was postponed at plaintiffs' request; that from March 31, 1966, to November 28, 1967, about one year and eight months, plaintiffs made no effort to dispose of the case or to set it for trial; that on November 28, 1967, plaintiffs' attorney called defendants' attorney about a possible settlement or preparation for trial; that the case had been on the docket about 4 years; that plaintiffs had never appeared at a docket call to request a setting or announce ready; that, before March 31, 1966, plaintiffs' attorney did correspond with the court and defendants' counsel concerning possible settings but from March 31, 1966 to November 28, 1967, plaintiffs did nothing to prepare for a trial or to dispose of the case; that the case was filed about 5 years after the transaction that was the basis of the suit and it had remained on the docket for almost 4 years; that, as a result, witnesses would be called to testify about transactions that occurred 9 to 10 years previously; that their memories had been dimmed by time; one had died, one was seriously ill and another had moved; that, due to such lapse of time, much of the evidence would be guess-work; that most of the records had been changed, misplaced, lost, stolen, or destroyed. As illustrative of the situation, defendants pointed to the testimony at the hearing of Smiser's plea of privilege wherein Mr. Tucker, who purchased the assets of Products Company in the name of Petroleum Refining Company, testified that the books had been "plugged", thus "demonstrating the virtual impossibility at this late date to determine" from the available records what the facts were.

A hearing of defendants' motion to dismiss the case for want of prosecution was set for December 15, 1967. Plaintiffs' counsel appeared and, with consent of the court, in open court dictated an answer to that motion to the effect that, before March, 1966, there were extensive activities in the case, including a hearing of Smiser's plea of privilege, an appeal from the order overruling it, settlement negotiations and interrogatories and that, after March, 1966, plaintiffs' chief counsel was appointed United States District Judge, left his firm and his cases were assigned to other members; that, in June, 1966, plaintiffs' present counsel, previously an assistant in the case, was reassigned within the firm to different duties, which caused him to overlook the case; that it was called to his attention by a member of his firm in October or November, 1967; that this caused some delay; that plaintiffs' counsel had been laboring under a misunderstanding of the practice of the court with respect to trial settings; that he understood a setting could not be obtained until all pleadings had been settled and discovery completed; that, nevertheless, plaintiffs' attorney had made written requests for trial on two occasions, on May 13, 1964 and March 1, 1966, and an oral request on April 30, 1965, following a hearing of Smiser's plea of privilege, when, plaintiffs alleged, the court stated it did not want to set the case for trial until after the appellate court had ruled on Smiser's plea. Plaintiffs alleged that on November 28, 1967, plaintiffs' counsel called defendants' counsel and discussed the case, including settlement possibilities and proposed an agreement about setting the case, "which would bring it to a conclusion within one year." Plaintiffs' attorney said it could be ready for trial within one week and he requested a prompt setting. He alleged it was his understanding that in his telephone conversation with defendants' counsel in November 1967 there was a firm agreement; that plaintiffs were vigorously prosecuting the case with settlement negotiations, written interrogatories, etc., a week before defendants filed their motion to dismiss the case for want of prosecution. After a full hearing, (the statement of facts consists of 208 pages), the court sustained defendants' motion and dismissed the case for want of prosecution. The defendants filed a motion to reinstate. It was overruled and plaintiffs have appealed.

Appellant Fidelity and Casualty Company has made a settlement of the controversy between it and appellees, without prejudice to the rights of the other appellant and its appeal, and has moved that we dismiss its appeal. The motion is granted and the appeal of Fidelity and Casualty Company is dismissed.

■ Upon the hearing of the motion to dismiss the case for want of prosecution it was stipulated that the case was filed February 25, 1964, about 5 years after the transaction that was the basis thereof; that all defendants, except Smiser, were served soon thereafter and answered on March 20, 1964; that Smiser was not found for service until February 4, 1965 and soon thereafter he filed a plea of privilege; that it was overruled on April 30, 1965; that he appealed and the order overruling his plea was affirmed on December 17, 1965; that defendants filed an amended answer on February 17, 1966 and plaintiffs served written interrogatories on McGlothlin, Sr., on March 2, 1966; that McGlothlin, Sr., answered all but two interrogatories on March 16, 1966 and had filed objections to the two on March 11, 1966; that such objections were set for hearing on March 31, 1966, but the hearing was postponed at plaintiffs' request.

It was agreed that for about one year and eight months, from March 31, 1966 to November 28, 1967, plaintiffs did nothing about their case; that, on November 28, 1967, plaintiffs' attorney did call defendants' attorney concerning a possible settlement or preparation for trial; that the case has been on the docket for almost 4 years and plaintiffs had never appeared at a docket call to announce ready or request a setting; that, before March 31, 1966, plaintiffs' counsel did correspond with the court and defendants' counsel concerning possible setting but, from March 31, 1966 to November 28, 1967, plaintiffs had taken no action whatsoever directed to disposing of or setting the case for trial. It was stipulated that during all this time defendants' counsel

attended the docket calls to respond to announcements but that plaintiffs made no announcement; that the case was filed about 5 years after the transaction made the basis thereof occurred and that it had been on the docket for almost 4 years; that witnesses will be called to testify to transactions that occurred 9 to 10 years ago, that one witness is dead, one seriously ill and two have moved.

■ It is now established law that a court has the right to dismiss a suit for failure to prosecute it with due diligence, despite the fact that the party whose suit is dismissed had no intention to abandon the case and hoped to settle it. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 88.

In Reed v. Reed, 158 Tex. 298, 311 S.W. 2d 628, at page 630 our Supreme Court said:

"As reflected in Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85; reversing Johnson v. Bevil, Tex.Civ.App., 304 S.W. 2d 953, a suit may properly be dismissed for past lack of diligence in its prosecution, notwithstanding that the plaintiff's objection to the dismissal at the corresponding hearing was in effect a manifestation of his intent to prosecute it (thereafter, at least) to judgment."

■ The question on an appeal from a judgment dismissing a case for want of diligence in prosecuting it is whether a clear abuse of discretion is shown. That is a law question. Pollok v. McMullen Oil & Royalty Co., Inc., Tex.Civ.App., 383 S.W.2d 837 (writ ref.); Murphy v. Stigall, Tex. Civ.App., 352 S.W.2d 918 (writ. ref.); Finley v. Finley, Tex.Civ.App., 410 S.W.2d 818 (Ref. n. r. e.); Callahan v. Staples, (Tex.Com.App.), 139 Tex. 8, 161 S.W.2d 489.

■ As shown, a suit may properly be dismissed for past lack of diligence in prosecuting it, even though plaintiffs' action at the time of dismissal manifests an intention to prosecute it to judgment. Furthermore, the fact that plaintiffs had no intention to

abandon the case and hoped to settle it cannot be made a ground for charging an abuse of discretion by the trial court in dismissing it for lack of diligence in its prosecution. Rorie v. Avenue Shipping Company, Ltd., Tex.Civ.App., 414 S.W.2d 948, 953. (Ref. n. r. e.); Pollok v. McMullen Oil & Royalty Co., Inc., Tex.Civ.App., 383 S.W.2d 837 (WR).

We have carefully considered the entire record. We are thereby compelled to hold that a clear abuse of discretion is not shown. The appeal of Fidelity and Casualty Company is dismissed. The judgment is affirmed.