**Louis C. LINVILLE, Appellant,**

v.

**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellee.**

**No. 417.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 16, 1970.

Gene Edwards and Ralph Abercia, Houston, for appellant.

V. W. McLeod, McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

SAM D. JOHNSON, Justice.

On October 7, 1966, Louis C. Linville, the appellant, brought suit to recover workmen's compensation benefits. On May 11, 1970, the trial court dismissed the case for want of prosecution.

On this appeal, it is contended that the trial court erred in summarily dismissing appellant's case for want of prosecution and that the trial court abused its discretion in denying appellant's motions for continuance and for reinstatement. It appears that the trial court set plaintiff's motion for

reinstatement for hearing. The record of such hearing comprises the statement of facts before this Court. From such record the following appears.

The clerk in the trial court was instructed by the trial judge to make a list of the older and inactive cases. The instant case was included in such list. Pursuant to other instructions the clerk of the trial court wrote a letter to appellant's attorney, Ralph Abercia, on December 9, 1969, suggesting a setting be requested for the December term. No reply to this letter was received. On January 7, 1970, the clerk again wrote informing appellant's attorney that the case was to be dismissed for want of prosecution if no response was made within ten days. Thereafter, on January 8, 1970, appellant's attorney responded that he was ill, that his client was out of the state and requested that this case be held on the docket. On March 18, 1970, the trial court again wrote advising that the cause would be dismissed for want of prosecution at the call of the dismissal docket on April 9, 1970 unless good cause be shown why it should not be dismissed. The case was then retained on the docket on the trial judge's instruction that the case would have to be tried during the April-May term of court or be dismissed. After correspondence with his client, the attorney for the plaintiff wrote a letter addressed to the trial judge requesting the case be set "for trial on the merits on the general docket for the week beginning Monday, May 25, 1970. We have received a letter from my client Louis C. Linville, that he can be in Houston, Texas, May 15, 1970 from Oregon." Upon receipt of this letter the clerk of the court telephoned counsel's office and advised that a proper request complying with the local rules of court would have to be made by April 10th in order to get the case on the general docket. Later in the same day counsel for the plaintiff advised the clerk by telephone that a request for setting would be in by Friday. Though counsel had previously stated to the clerk that he thought a copy of the Galveston County Rules were

"somewhere around the office" he was advised that cases were not set for particular days but for the term and that it was necessary that the request be made in that form. Counsel was also told that "the actual trial dates would start May 11th." Though the case had been placed on the dismissal docket it was retained for trial at the instruction of the trial judge and counsel's office was informed "We would have trials beginning Monday morning with the docket call at 9:15."

At the 9:15 docket call on May 11, 1970, a second attorney associated with counsel for plaintiff's office, Mr. Gene Edwards, appeared. When this particular case was called he announced ready. Other cases were also called and at the conclusion the instant case was designated number one and the attorneys were instructed to come back at 1:15 that afternoon to be ready to pick a jury. Edwards testified he had already left the courtroom, however, when the instructions relative to jury selection were given and that he only learned through another attorney that he was to be in the courtroom for voir dire examination of the panel that afternoon. He testified this was the first indication he had that the trial would be some other date than May 25th. The docket then reflects the following: "Dismissed for want of prosecution. Plaintiff announced ready at call of docket at 9:15 a. m. and not ready at call of docket at 1:30 p. m."

Though it is not altogether clear it appears from the testimony that Attorney Edwards was first having difficulty with one of his witnesses, a doctor, and that the trial judge discussed this with him and decided it was not an insurmountable problem, to go ahead with the voir dire and that an accommodation would be made for his appearance. The testimony then indicates that Attorney Edwards said that his client would not be available to go to trial since he was not in the vicinity. According to this testimony it was following this statement on that afternoon that the trial judge

said, "Either we will start the trial or we will have to dismiss it," and Edwards replied, "Well, Your Honor, I guess we will have to dismiss the case."

Appellant asserts at the outset, both in brief and in oral argument, that counsel sought a continuance of only one day at the time the voir dire examination of the jury panel was scheduled. No such motion appears in the record and there is no indication that such motion was presented or urged. The only assertion to this effect, and it is quite equivocal, is found in counsel's own testimony on the motion for reinstatement. Other testimony on the hearing of the motion strongly indicates to the contrary.

The *only* motion for continuance in the instant record appears to have been filed two days *after* the court's action and entry of dismissal notation on the docket (to which no question is presented) on May 11. It is styled "Plaintiff's First Motion for Continuance" which would indicate that there had been no prior motions. It requests a continuance until the next term of court. Aside from this inconsistency and these defects the motion for continuance, presumably based upon want of testimony, fails to meet basic requirements of Rule 252, Texas Rules of Civil Procedure.

■ Appellant next contends that the trial court erred in dismissing the case for want of prosecution. Here appellant asserts that Attorney Edwards was operating under the mistaken impression that he was announcing ready for trial on May 25, 1970 when in fact he announced ready for May 11, 1970. We do not believe counsel for plaintiff may rely upon a mistaken impression for which he alone is responsible. This is particularly true in this instance where all of counsel's contacts with the court were apparently without benefit to an understanding of the court's requirements. It is an inherent right of the trial court, existing independently of statute, to dismiss a suit for failure to prosecute it with due diligence. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (Tex.Sup.1957); and see cases cited in 20 Tex.Jur.2d, Dismissals, Sec. 33, p. 214. The exercise of this right is discretionary to the trial court, and its ruling will not be disturbed unless abuse of discretion is clearly shown. Payne v. City of Tyler, Tex.Civ.App., 379 S.W.2d 373, err. ref., n. r. e.; Payne v. City of Tyler, 383 S.W.2d 804 (Tex.Sup.1964). On review, the question of abuse of discretion is a question of law. Pollok v. McMullen Oil & Royalty Co. (Tex.Civ.App.1964), 383 S.W.2d 837, writ ref. " * * * The fact that respondents had no intention to abandon it, or that their attorney had hopes of settling the case, cannot be made a ground for charging an abuse of discretion by the trial court. * * *" Bevil v. Johnson, supra, 307 S.W.2d at p. 88. From an examination of the entire record we find no showing of a clear abuse of discretion in the trial court's action in dismissing this suit because of appellant's failure to prosecute it with diligence.

■ Appellant finally asserts that the trial court abused its discretion in denying his motion for reinstatement. Appellant's only contention on this point is that the trial judge indicated a bias and prejudice against the appellant's attorney which rendered an impartial ruling impossible. This contention finds no support in the record. An application for reinstatement is addressed to the sound discretion of the trial judge and his actions will not be disturbed in the absence of a showing of abuse. Moss v. State of Texas (Tex.Civ. App.1962), 361 S.W.2d 408, no writ hist.

Affirmed.