## WM. T. JARVIS COMPANY, INC., et al., Appellants,

v.

## WES–TEX GRAIN COMPANY et al., Appellees.

### No. 5638.

Court of Civil Appeals of Texas, Waco.

Feb. 28, 1977.

Rehearing Denied March 31, 1977.

W. W. Naman, Naman, Howell, Smith & Chase, Waco, Cantey, Hanger, Gooch, Cravens & Munn, Fort Worth, Edward Hill, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Amarillo, Lyndon Olson, Waco, for appellants.

Sherwin A. Winniford, Haley, Fulbright, Winniford, Bice & Davis, Waco, Bert T. McDaniel, Houston, Charles B. McGregor, Beard & Kultgen, Waco, Steve Kazanas, West, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from an order of dismissal and order overruling a motion for reinstatement. The question before us is whether the trial court abused its discretion in dismissing the case for want of prosecution, and in overruling the Appellants' motion for reinstatement of the cause. We hold that under the record before us an abuse of discretion is shown, and accordingly reverse and remand the cause to the trial court for trial on the merits.

Plaintiff-Appellants William T. Jarvis Co., Inc., Producers Grain Corporation and Heath Elevator and Grain Co., a partnership, originally filed this suit against Defendant-Appellees Wes-Tex Grain Co., D. A. Kimmey, Frank Maddox, Jr., KMH Corp., and West Bank & Trust on June 6, 1966. Plaintiffs sought recovery against Defendants for grain shipped by Plaintiffs to Defendants Wes-Tex and KMH Corporation; and alleged that Defendants Kimmey and Maddox together with one C. R. Hull, now deceased, were the officers and directors of Wes-Tex and KMH Corporation as well as of West Bank & Trust; that as such officers and directors said individual Defendants commingled the assets of Wes-Tex and KMH and took assets from both of said corporations for their personal use and benefit; that West Bank & Trust held a mortgage secured by a deed of trust on the assets of Wes-Tex and KMH which said Bank was threatening to foreclose. Plaintiffs sued for their respective grain debts and attorney's fees against Wes-Tex, KMH, Kimmey, and Maddox, and in addition thereto sought a receivership over Wes-Tex and KMH, an audit over the transactions of

Wes-Tex and KMH, and injunctive relief against West Bank and Trust enjoining said Bank from foreclosing its deed of trust against Wes-Tex and KMH, and for cancellation of the mortgages held by said Bank against Wes-Tex and KMH. Plaintiff-Appellants were respectively represented by two law firms of Waco and one law firm each from Fort Worth and Amarillo. Defendant-Appellees at the time of dismissal of the case were respectively represented by two Waco law firms and an attorney from Houston; however, at times prior thereto Defendant-Appellees had been represented by other attorneys of Waco and West, Texas.

There was considerable activity in this case on the part of Plaintiff-Appellants from the time of its filing, to wit, June 6, 1966, until May 7, 1973; then no activity of any kind thereafter for about two years and five months, until October 1975; and then from October 1975 until the dismissal of the case on April 15, 1976, there was a considerable resurgence of activity on the part of Plaintiff-Appellants as will be hereinafter shown. On June 27, 1966, the trial court entered an order after hearing wherein it denied the temporary injunction sought by Plaintiff-Appellants against West Bank and Trust, and appointed an auditor to audit all transactions of Defendant-Appellees. The case was set for trial on its merits nine times in all, the first time being October 10, 1966, and the last time being May 10, 1976, said ninth setting being twenty-five days after the trial court's order dismissing the cause for want of prosecution.

The following is a resumé of the nine settings and what happened to each one:

DATE OF SETTING — WHAT HAPPENED

1. October 10, 1966: The auditor's report ordered by the trial court was not ready, and depositions taken by the parties had not been filed. Case passed from setting.

2. December 11, 1967: Passed upon trial court's own motion because of the judge's impending retirement.

3. September 15, 1969: Passed upon request of Defendant-Appellees.

4. November 24, 1969: Passed upon request of Defendant-Appellees because of illness of Defendant Kimmey.

5. September 8, 1970: On a pre-trial hearing held on September 3, 1970, the trial court allowed Defendants to file new pleadings containing a number of special exceptions which were urged by Defendants. This necessitated a passing of the case to give Plaintiffs an opportunity to amend their pleadings.

6. February 8, 1971: On January 20, 1971, Defendant West Bank and Trust filed a pleading seeking for the first time contribution and indemnity over against Defendants Kimmey and Maddox in the event Plaintiffs should recover against said Bank. There had been no change in the basic relationships between the Bank and the individual Defendants since the beginning of the suit; however, this conflict of interest between these Defendants was raised for the first time nearly five years after the commencement of the suit. This new pleading was accompanied by a change in attorneys representing these various Defendants, who made motions for continuance or in the alternative a severance of the cross-action against said Bank from the rest of the suit; whereupon the trial court granted a continuance over the objection of the Plaintiffs.

7. June 21, 1971: Passed upon the request of Plaintiffs, because one of Plaintiff's attorneys was tied up in a hearing before the Railroad Commission which ran from April 19, 1971 to October 22, 1971. *This was the only continuance of the case requested by Plaintiffs.*

8. May 7, 1973: On a pre-trial hearing held on May 3, 1973, Defendants filed new amended pleadings containing special exceptions which were sustained by the trial court. This necessitated a repleading by Plaintiffs thereby bringing about a continuance.

9. May 10, 1976: This setting was never reached, because the trial court dismissed the case for want of prosecution by order dated April 15, 1976.

As stated, from the time the case was passed from the May 7, 1973 setting, there was no activity in the case until October 3,

1975, a period of some two years and five months. On said last-named date, the trial court issued an order giving notice of intention to dismiss a number of civil cases (including the case at bar) as of November 1, 1975. Upon receiving such notice, Plaintiffs on October 14, 1975, contacted the court and requested that the case be allowed to remain on the docket. Pursuant to counsel's request, the trial court agreed to remove the case at bar from the list of cases to be dismissed on November 1, 1975. At this time, counsel for Plaintiffs represented to the court that an amended pleading was being prepared for filing in behalf of Plaintiffs; whereupon Plaintiffs would request a preferential setting of the case. This procedure was approved by the trial court. Then on November 12, 1975, Defendants Kimmey and West Bank and Trust filed a Motion to Dismiss the case for want of prosecution. Then on December 8, 1975, Plaintiffs filed their Second Amended Original Petition and wrote a letter to all counsel on both sides seeking information which would assist the court in making a preferential setting of the case. Plaintiffs received no response to this letter from Defendants Kimmey or West Bank and Trust.

On January 14, 1976, Plaintiffs obtained from the trial court a preferential setting of this case on the merits for Monday, May 10, 1976, and thereupon immediately notified all the attorneys herein of such setting.

Then on March 12, 1976, the trial court held a hearing on the Motion to Dismiss for Want of Prosecution filed by Defendants Kimmey and West Bank and Trust, after which the court dismissed the cause by order dated April 15, 1976. At the time of such dismissal, the case was preferentially set for trial for Monday, May 10, 1976, twenty-five days after such dismissal.

Thereafter, Plaintiffs filed a Motion for Reinstatement of the case which was overruled by the trial court by order dated May 13, 1976, from which Plaintiffs appeal.

■ The trial court has the right to dismiss a suit for failure to prosecute it with due diligence, and this is a matter which rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court, which is a question of law. *Bevil v. Johnson* (1957) 157 Tex. 621, 307 S.W.2d 85; *Veterans' Land Board v. Williams* (Tex.1976) 543 S.W.2d 89; *Pollok v. McMullen Oil and Royalty Co.* (San Antonio CA 1964) 383 S.W.2d 837, writ refused. Likewise an application for reinstatement is addressed to the sound discretion of the trial judge and his actions will not be disturbed in the absence of a showing of abuse. *Moss v. State* (Eastland CA 1962) 361 S.W.2d 408, no writ; *Linville v. Commercial Insurance Co. of Newark, New Jersey* (Houston 14th CA 1970) 462 S.W.2d 70, no writ.

■ This case was fraught with much activity on the part of Plaintiffs from the time it commenced on June 6, 1966, until it was passed by the trial court from its May 7, 1973, setting. Thereafter the case lay dormant for two years and five months, until October 1975, when the trial court notified the parties of its intention to dismiss the cause for want of prosecution as of November 1, 1975. However, from this point forward, Plaintiffs became active again, by: (1) persuading the trial court to remove the cause from the list of cases to be dismissed; (2) securing leave from the trial court to file amended pleadings and to contact all counsel to assist the court in making a preferential setting; (3) in filing amended pleadings, and (4) in obtaining a preferential setting of the cause for May 10, 1976. Yet withal, the trial court after hearing dismissed the cause for want of prosecution twenty-five days before it was scheduled to go to trial, with no indication at the time of such dismissal that any party was seeking a postponement. We appreciate the problems of the trial court in its patient and repeated attempts to get this case tried, particularly where there are several parties involved represented by lawyers scattered over the State; however, under the record before us, it is our opinion that an abuse of discretion is shown.

We accordingly reverse and remand the cause to the trial court for trial on the merits.

REVERSED and REMANDED.