T. J. WILLIS

v.

Kenneth BARRON.

No. 1318.

Court of Civil Appeals of Texas, Tyler.

July 31, 1980.

Rehearing Denied Sept. 4, 1980.

McKAY, Justice.

This appeal concerns the dismissal of a case for want of prosecution.

On May 21, 1976, appellant T. J. Willis instituted an action for legal malpractice against Phoebe Lester. On February 8, 1979, appellee Kenneth Barron was joined in the action.[1] The record discloses the following activity in the case:

| | |
|---|---|
| May 21, 1976 | Plaintiff's Original Petition filed against Phoebe Lester |
| June 18, 1976 | Defendant Lester's Plea of Privilege and Answer |
| February 8, 1977 | Plaintiff's First Amended Petition and |
| | Defendant Barron's Original Answer |
| December 11, 1978 | Defendant Lester's Notice of Intent To Take Oral Deposition |
| January 4, 1979 | Defendant Lester's First Set of Interrogatories to Plaintiff |
| January 9, 1979 | Defendant Lester's First Amended Original Answer |
| January 10, 1979 | Cross-Action of Defendant Lester against Defendant Barron |
| January 19, 1979 | Defendant Barron's First Amended Original Answer to Cross-Action and Cross-Action against Defendant Lester |
| February 5, 1979 | Joint Motion to Dismiss by Plaintiff and Defendant Lester and |
| | Motion for Nonsuit of Cross-Action by Lester against Barron |
| February 26, 1979 | Defendant Barron's First Set of Interrogatories to Plaintiff |
| February 27, 1979 | Motion for Nonsuit of Cross-Action by Barron against Lester and Second Amended Original Answer of Barron |
| February 28, 1979 | Notice of Intention to Take Oral Deposition by Barron |
| March 5, 1979 | Order of Nonsuit of Barron's action against Lester entered by 114th District Court of Smith County, Texas, and |
| | Order of Dismissal and Prejudice as to Defendant Lester |
| April 11, 1979 | Defendant Barron's Motion for Sanctions on Failure of Party to Appear for Deposition and Motion for Sanctions For Failure to Answer Interrogatories |
| April 23, 1979 | Date of Hearing on the Motions for Sanctions |
| April 24, 1979 | Order of Dismissal |
| April 30, 1979 | Plaintiff's Motion for New Trial |

Russell W. Budd, Baron & Cowley, Dallas, for appellant.

Kenneth Barron, Tyler, for appellee.

1. The record reflects that the case was filed in Smith County, Texas. Defendant Lester filed a plea of privilege to be sued in Harris County, Texas, but said action was apparently denied or abandoned after the joinder of Barron, a resident of Smith County.

Additionally, we note that the attorney for appellant attached a verified affidavit to the Motion for New Trial[2] which stated that the case was initially set for trial in May, 1978, but was taken off the trial calender at the request of appellee who was then a candidate for a public office; that the case was next set for trial in March, 1979, appellant's attorney appeared at the docket call and announced ready for trial but appellee filed a Motion for Continuance claiming further discovery was needed to prepare appellee for trial; that the case was reset for April 30, 1979; that both parties twice attempted to arrange for the deposition of the plaintiff, T. J. Willis, but trial conflicts prevented each attempt; that appellant's attorney assured appellee he would not announce ready for trial until appellee received the answers to the interrogatories and the oral deposition; that appellant's attorney was absent from his office during the entire month of April, 1979, because of eight lawsuits set for trial in Florida; and that the appellee's Motion for Sanctions was received by appellant's attorney but, due to a clerical error, the date for the setting of the hearing was not entered on the attorney's calendar. The record reflects that the trial court did not schedule a hearing for appellant's Motion for New Trial nor otherwise rule upon said motion; therefore, the motion was overruled by operation of law on July 1, 1979. Appellant has duly perfected this appeal bringing three points of error.

Appellant's first two points complain that the trial court abused its discretion in denying appellant a hearing on his motion for new trial and in denying the motion.

Rule 165a, T.R.C.P., provides that "[a] case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice . . . ." In the event a case is dismissed, however, the Rule sets forth specific procedures to be followed for reinstatement of

the action. With respect to the requirement for a hearing on a motion for reinstatement the Rule states: "A motion for reinstatement shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk, and a copy shall be served on each attorney of record and each party not represented by an attorney. The court shall set the motion for hearing as soon as practicable and notify all parties or their attorneys of record of the date, time and place of the hearing."

Although the rule provides that "[T]he court shall set the motion for hearing as soon as possible" it has been held that such language does not relieve the movant of the duty to procure a setting within the time allowed for reinstatement. *Laird v. Jones*, 580 S.W.2d 413, 416 (Tex. Civ.App.–San Antonio 1979, no writ); *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex. Civ.App.–Houston [14th] 1975, no writ). Also see *Glover v. Tide Equipment Co.*, 506 S.W.2d 330 (Tex.Civ.App.–Houston [1st Dist.] 1974, no writ). The record before us does not disclose that the movant here ever requested a setting for the hearing on the motion for new trial within the thirty day time period. If such a request had been timely made and called to the trial judge's attention and if the judge then failed to set the hearing within the requisite time limit, such failure would have been erroneous and reviewable. However, since the record does not reveal that the judge was asked to make such a setting, the failure of the trial court to set a hearing on the motion is not ground for reversal of its denial of reinstatement. See *Calaway v. Gardner*, supra at 264.

Additionally, it is our view that the trial court did not err in denying appellant's motion for new trial. It is well established that a dismissal for want of prosecution rests within the sound discretion of the trial court, and its action thereon will not be disturbed unless there is a clear abuse of

2. Tex.R.Civ.Pro. 165a specifically requires that a motion for reinstatement shall be filed to request reinstatement of a dismissed action. Because of our disposition of this appeal we do not reach the issue of whether a motion for new trial is sufficient under the rule.

discretion. *Southern Pacific Transportation Co. v. Stoot*, 530 S.W.2d 930 (Tex.1975); *Laird v. Jones*, supra at 415; *Wm. T. Jarvis Co., Inc. v. Wes–Tex. Grain Co.*, 548 S.W.2d 775, 778 (Tex.Civ.App.–Waco 1977, writ ref'd n.r.e.). Similarly an application for reinstatement is addressed to the sound discretion of the trial judge and his actions will not be disturbed in the absence of a showing of abuse. *Wm. T. Jarvis Co., Inc. v. Wes–Tex. Grain Co.*, supra; *Linville v. Commercial Insurance Co. of Newark, New Jersey*, 462 S.W.2d 70, 72 (Tex.Civ.App.–Houston [14th] 1970, no writ); *Moss v. State*, 361 S.W.2d 408, 409 (Tex.Civ.App.–Eastland 1962, no writ). Because, as heretofore noted, the appellant did not procure a setting on the motion for new trial and the record does not show that he attempted to procure such a setting, we cannot say that the trial court abused its discretion in denying reinstatement of the action. Accordingly, appellant's first two points of error are overruled.

Appellant's third point of error complains that the trial court erred in dismissing this case "with prejudice." We agree. It is well–established that dismissal for want of prosecution does not preclude the filing of another suit and therefore, a dismissal of the case "with prejudice" is improper. *Calaway v. Gardner*, supra at 264–5; *Stein v. Lewisville Independent School District*, 481 S.W.2d 436, 441 (Tex.Civ.App.–Fort Worth 1972, writ ref'd n.r.e.); *Schenker v. City of San Antonio*, 369 S.W.2d 626, 630 (Tex.Civ.App.–San Antonio 1963, writ ref'd n.r.e.). We therefore reform the judgment to strike the two words "with prejudice" from the judgment entered in this cause.

The order of dismissal as reformed is hereby affirmed.