**Fred B. SUSTALA, Jr., Appellant,**

v.

**Nabeel H. EL–ROMMAN, Appellee.**

**No. A14–84–657CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 20, 1985.

Rehearing Denied July 11, 1985.

Writ Refused Nov. 21, 1985.

John W. Donovan, Houston, for appellant.

Charles D. Boston, Claude M. McQuarrie, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Fred B. Sustala, Jr., appeals from a judgment of the 129th District Court dismissing his case against appellee, Nabeel H. El-Romman, for want of prosecution. Appellant alleges the trial court abused its discretion in (1) granting appellee's motion to dismiss for want of prosecution and (2) denying appellant's motion for new trial. We find no abuse of discretion and affirm the trial court's judgment.

On October 16, 1979, appellant filed suit against appellee, a physician, for negligence and battery in rendering health care on October 18, 1977. The record indicates that appellant created considerable delay during the seven years between October 16, 1979 (the date he originally filed suit), and June 28, 1984 (the date the trial court finally dismissed the case for want of prosecution). For example, appellee propounded interrogatories to appellant on November 27, 1979. Appellant did not respond until nearly nine months later on August 12, 1980. Appellant also refused to answer several questions in the interrogatories. On February 16, 1981, the trial court ordered appellant to answer these questions, but appellant again did not comply until January 21, 1982, over one year later. On September 29, 1982, appellant's attorney withdrew from the case.

The Harris County District Clerk mailed appellant a notice of intent to dismiss for want of prosecution on February 14, 1984. On March 30, 1984, appellant personally appeared in court to ask that the case not be dismissed so that he could retain new counsel to prosecute his claim. Appellant did not file a written motion to retain, nor did he notify appellee of his intention to appear in court on this matter. The court granted appellant time to secure another attorney, and appellant did so on April 11, 1984, nearly one year and seven months after his original attorney withdrew from the case. On April 13, 1984, again without a motion to retain having been filed and without notice to appellee, a hearing was conducted and the case was retained.

On May 14, 1984, the District Clerk notified the parties that appellant's case had been assigned to the "try or dismiss" docket. On May 18, 1984, appellee filed a motion to dismiss for want of prosecution. On May 29, 1984, the court again considered this case and noted on the docket sheet "now T or D" (presumably meaning that the case was assigned to the "try or dismiss" docket). The record contains nothing further regarding the judge's ruling on this motion to dismiss; however, the effect of the judge's action was to refer appellant's lawsuit and appellee's motion to dismiss to the visiting trial judge scheduled to hear the "try or dismiss" cases. It appears that the judge presiding at the May 29th hearing simply *declined to rule* on appellee's motion at that time because the case was set on the "try or dismiss" docket. This left the issue of trial or dismissal up to the visiting trial judge.

Appellant's case was called for trial on June 25, 1984. At that time, appellee renewed his prior motion to dismiss for want of prosecution. After reviewing the history of the case and hearing arguments from both counsel, the visiting trial judge granted appellee's motion and signed a judgment dismissing the case on June 28, 1984. On September 5, 1984, the presiding judge of the 129th District Court independently reviewed the case and denied appellant's motion for new trial.

■ Texas courts possess an inherent power to dismiss a suit for failure to prosecute it with due diligence. A court's exercise of this power is subject to reversal only upon a clear showing of abuse of discretion. *Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976); *McCormick v. Shannon West Texas Memorial Hospital*, 665 S.W.2d 573, 575 (Tex. App.—Austin 1984, writ ref'd n.r.e.). In contemplation of a motion to dismiss for want of prosecution, a trial court may consider the entire history of a case including any past lack of diligence exhibited by the plaintiff. *State v. Rotello*, 671 S.W.2d 507, 508–509 (Tex.1984). It may dismiss the case even when the plaintiff states that he

never intended to abandon the suit and that he is currently ready for trial. *See Petroleum Refining Co. v. McGlothlin*, 429 S.W.2d 676, 678 (Tex.Civ.App.—Eastland 1968, writ ref'd n.r.e.); *Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948, 953 (Tex. Civ.App.—Houston 1967, writ ref'd n.r.e.).

■ We find the trial court possessed ample reason to dismiss this suit for want of prosecution. Over the past seven years, appellant has not demonstrated a serious intention to prosecute this case. Despite appellant's assertions to the contrary, there is considerable doubt that he was actually ready for trial on June 25, 1984, as he professed to be. It is true that appellant had caused subpoenas to be issued to appellee and to the medical records custodian of Pasadena Bayshore Hospital one week before trial. However, there is no evidence that he ever conducted any pretrial discovery other than issuing one request for production to appellee on January 21, 1982, a request that was partially denied. Appellant never attempted to depose appellee in preparation for trial, nor did he depose any other medical witness. Although depositions and other forms of pretrial discovery are not mandatory, this conduct surely indicates a lack of serious intent to prosecute the case and casts doubt as to appellant's readiness for trial on June 25, 1984.

Appellant offers several cases in support of his position that the trial court abused its discretion, but these cases are distinguishable. They reflect situations in which (1) the plaintiff demonstrated a significant amount of activity for several months prior to trial, or (2) there were adequate reasons for the delays in prosecution, or (3) the record clearly indicated the plaintiff's readiness for trial. *Moore v. Armour & Company*, 660 S.W.2d 577 (Tex.App.— Amarillo 1983, no writ); *Wm. T. Jarvis Co. v. Wes-Tex Grain Co.*, 548 S.W.2d 775 (Tex. Civ.App.—Waco 1977, writ ref'd n.r.e.); *Rorie v. Avenue Shipping Co.*, 414 S.W.2d at 948. None of these circumstances exists in the case before us. Furthermore, appellant's contention that the order of dismissal applies only to his claim of negligence, not

to his claim of battery, is also without merit. Appellant alleged the two causes of action in one petition, and he was equally remiss in pursuing both claims.

██ Appellant contended in oral argument before this court that the trial judge improperly granted appellee's motion to dismiss the case because the case had already expressly been retained at pretrial hearings held on April 13th and May 29th. Appellant argued that the trial judge erroneously functioned in an appellate role in reviewing the decision of another district judge. We disagree. First, the April 13th hearing was an ex parte procedure with no written motion to retain having been filed and no notice to the opposing side. It cannot be said that the presiding judge held a full and fair hearing on this issue. Second, as to the May 29th hearing, we interpret the court's action as *declining* to rule on the motion and referring the motion to dismiss for want of prosecution to the trial judge. In any event, the trial judge possesses the inherent power to rule on a motion to dismiss for want of prosecution. In the present case, the trial judge heard full arguments by both parties and arrived at a sound decision. We find no abuse of discretion in the trial court's dismissal and overrule appellant's first point of error.

Appellant next complains that the trial court erred in overruling his motion for new trial. Appellant again possesses the burden of demonstrating an abuse of discretion in the trial court's decision. *Grohn v. Marquardt*, 657 S.W.2d 851, 856–857 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). Because appellant has not met this burden of proof, we overrule his second point of error.

We affirm the trial court's judgment.

MURPHY, Justice, dissenting.

Finding myself in disagreement with the other members of the court, I would like to record my respectful dissent. I agree with appellant's contention in his first point of error that the trial court committed an abuse of discretion in granting appellee's motion to dismiss for want of prosecution.

I fully recognize that appellant's prosecution of his claim was far from exemplary. As stated in the majority opinion, from the initial filing of his suit, appellant expended a minimal amount of effort and on several occasions his actions could be characterized as dilatory. However, when appellant received the clerk's notification of dismissal in February 1984, he became considerably more active in the pursuit of his claim. He secured new counsel and appeared before the court several different times for various hearings. On June 12, apparently appellee's attorney filed a joint motion for preferential trial setting.[1] On June 13, appellant had issued several subpoenas for witnesses and documents. This cause was placed on the "try or dismiss" docket and when it was called for trial on June 25, appellant announced he was ready to proceed. While the record clearly indicates appellant exercised a minimum of diligence, I feel the trial court abused its discretion in choosing to dismiss the cause at the point when the case was called to trial. *See Moore v. Armour & Co., Inc.*, 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ). The appellant had announced he was ready and able to try his case in response to the court's calling the case. The record reflects he had taken steps over the past six-month period to prepare for trial. Given these circumstances, the court's action in denying appellant a trial on the merits was unjust and an abuse of discretion. *See Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.*, 548 S.W.2d 775, 778 (Tex. Civ.App.—Waco 1977, writ ref'd n.r.e.). I would reverse the judgment of the trial court and remand for trial.

APPENDIX A

No. 79–45523

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

129TH JUDICIAL DISTRICT

JOINT MOTION FOR
PREFERENTIAL SETTING

COME NOW Nabeel H. El-Romman, defendant, and Fred B. Sustala, Jr., plaintiff,

---

1. Refer to Appendix A for content of this document.

in the above-styled and numbered cause, and files this their motion for preferential setting, in support whereof they would respectfully show unto this court as follows:

### I.

The cause recently was assigned to trial beginning June 4, 1984 under Rule 245, Texas Rules of Civil Procedure, and Local Rule 2A(1). Counsel for the parties recently were notified that they should be ready to proceed to trial during the week of June 11, 1984. Counsel further were advised that the judge in whose court this matter would be tried was, as of June 11, still trying his non-jury cases, at the conclusion of which he would begin trying cases on the jury docket. The clerk further advised that this cause is no. 11 of the jury cases to be tried. Thus, it is uncertain as to actually when this cause will be called for trial on the merits.

### II.

This suit involves allegations of professional negligence on the part of the defendant. As a consequence of these allegations, there may well be one or more expert witnesses whose testimony will be elicited at trial. Additionally, the defendant has, previous to the assignment of this case to trial on the try or dismiss docket, made plans to be out of the country beginning July 3, 1984. It would therefore facilitate the trial of this matter were the trial to commence on or about a date certain.

### III.

Counsel for plaintiff and defendant have conferred and agreed that a trial of this matter commencing on June 25, 1984 would be mutually acceptable.

WHEREFORE, PREMISES CONSIDERED, plaintiff and defendant respectfully request this Honorable Court to assign this matter for trial beginning June 25, 1984 and for such other and further relief to which they may be justly entitled.