In The
Court of Appeals
For The
First District of Texax
____________

NO. 01-06-00801-CV

____________

MIDLAND FUNDING NCC-2 CORP., Appellant

V.

JOSIAH AZUBOGU, Appellee




On Appeal from the 165th Judicial District Court 
Harris County, Texas
Trial Court Cause No. 2005-25792 




MEMORANDUM OPINION
          Appellant, Midland Funding NCC-2 Corp. (“Midland”), filed suit against
appellee, Josiah Azubogu. The trial court dismissed the case with prejudice for want
of prosecution and imposed sanctions against Midland’s law firm, Hosto & Buchan,
P.L.L.C., for filing a frivolous lawsuit and failing to appear at trial. In two points of
error, Midland contends the trial court erred in (1) dismissing Midland’s case with
prejudice for want of prosecution and (2) awarding sanctions on its own initiative,
without notice of hearing and with no countersuit asserted. We modify the judgment,
and, as modified, we affirm.
Background
          Midland, represented by Hosto & Buchan, filed an original petition against
Azubogu in the 165th Judicial District of Harris County, Texas on April 18, 2005. 
Midland claimed to be the assignee of an account in default originally owed by
Azubogu. Azubogu filed an original answer on May 16, 2005, setting forth a general
denial and asserting the affirmative defense that the alleged debt had been fully
satisfied. 
          On October 14, 2005, the trial court generated a docket control order setting
the date of trial at May 22, 2006. Azubogu and his counsel appeared at 10:00 A.M.
on May 31, 2006, when the court coordinator called the case for trial. Neither
Midland nor Midland’s counsel appeared at that time. 
          No one at Hosto & Buchan returned several calls made by the court
coordinator. The trial court telephoned lead counsel at a number in Dallas and left
two voice mail messages. The trial court also called a Little Rock, Arkansas number
and reached Mr. Hosto, a named partner of the firm. Mr. Hosto was unaware of the
proceedings and told the court that he was not licensed in Texas. Mr. Hosto informed
the court he would send a Dallas or Houston lawyer to the court immediately. 
          The trial court advised Mr. Hosto that the file showed the case was being
frivolously prosecuted and it planned to award sanctions under Rule 13 in the amount
of $5,000 against Hosto & Buchan. The trial court also advised Mr. Hosto that it
would reconsider its position if Mr. Hosto dispatched an attorney to the court
immediately. 
          Midland’s counsel failed to timely appear. The court dismissed the case for
want of prosecution, with prejudice, and awarded sanctions under Rule 13 for filing
a frivolous lawsuit. 
          On June 7, 2006, Midland timely moved for new trial, requesting that the case
be reinstated, or alternatively, that the judgment be modified to a dismissal without
prejudice. Midland’s motion was not verified. Midland filed notice of its appeal on
August 28, 2006. JurisdictionMidland’s motion for new trial requests that the trial court (1) reinstate the
case, or, alternatively, (2) reform the judgment to dismiss the case without prejudice. 
To seek reinstatement of a dismissed case, the movant must set forth the grounds for
reinstatement in a verified motion filed with the clerk within 30 days after the
dismissal order is signed. Clark v. Yarbrough, 900 S.W.2d 406, 408 (Tex.
App.—Texarkana 1995, writ denied). Rule 165a(3) requires that “[a] motion to
reinstate shall set forth the grounds therefor and be verified by the movant or his
attorney. It shall be filed with the clerk within 30 days after the order of dismissal is
signed. . . .” Tex. R. Civ. P. 165a(3) (emphasis added). A timely and proper motion
to reinstate extends the trial court’s plenary jurisdiction until 30 days after the motion
to reinstate is overruled. McConnell v. May, 800 S.W.2d 194, 194 (Tex. 1990). An
unverified motion to reinstate, however, extends neither the trial court’s plenary
power, nor the time in which to perfect an appeal. Butts v. Capitol City Nursing
Home, Inc., 705 S.W.2d 696, 697 (Tex. 1986). 
          Midland’s motion for new trial is unverified; therefore, as a motion to reinstate,
it is insufficient to extend the time in which to perfect an appeal. The trial court’s
order became final on June 30, 2006. Under rule 26.1(a) of the Texas Rules of
Appellate Procedure, a notice of appeal was required to be filed on or before July 30,
2006. Tex. R. App. 26.1(a). Even implying an extension of time, the notice of appeal
could be filed no later than August 15, 2006. Midland’s notice of appeal was not
filed until August 28, 2006. Thus, Midland’s notice of appeal is untimely unless its
motion for new trial sought more than reinstatement of the case. See Tex. Dep’t of
Transp. v. Martini, 902 S.W.2d 138, 140–41 (Tex. App.—Houston [1st Dist.] 1995,
no writ) (holding that postdismissal motion need not have been verified to extend
appellate timetables because it sought more relief than mere reinstatement of case).
          In this case, Midland’s postdismissal motion sought two forms of
relief—reinstatement of the case or, alternatively, reformation of the judgment to a
dismissal without prejudice. We hold that the portion of the motion seeking
reformation of the judgment is more than a motion to reinstate; it is a motion for new
trial. See id. A proper motion for new trial will extend one’s appellate timetables. 
See Tex. R. App. 26.1(a)(1) (notice of appeal must be filed within 90 days, not 30
days, if motion for new trial filed). Because Midland’s motion for new trial extended
the appellate timetable, its notice of appeal is timely and this Court has jurisdiction. 
Thus, we turn to the merits of the appeal.
Dismissal with Prejudice for Want of Prosecution
          In issue one, Midland contends the trial court erred by dismissing its case for
want of prosecution with prejudice. We agree.
          When a plaintiff fails to appear and prosecute his case, the court’s only remedy
is to dismiss the case. Smock v. Fischel, 207 S.W.2d 891, 892 (Tex. 1948). A judge
rendering a judgment other than that authorized by Rule 165a has exceeded his
jurisdiction. Lum v. Lacy, 616 S.W.2d 260, 261 (Tex. Civ. App.—Houston [1st Dist.]
1981, no writ) (citing Freeman v. Freeman, 327 S.W.2d 428, 433 (Tex. 1959)); see
Burton-Lingo Co. v. Lay, 142 S.W.2d 448, 448 (Tex. Civ. App.—El Paso 1940, no
writ) (holding trial court is without jurisdictional power to render any judgment
against non-appearing plaintiff other than dismissal of plaintiff’s suit for want of
prosecution). Dismissal for want of prosecution does not preclude the filing of
another suit; therefore, dismissing a case with prejudice for want of prosecution is
improper. See Willis v. Barron, 604 S.W.2d 447, 450 (Tex. App.—Tyler 1980, writ
ref’d n.r.e.). If a case has been dismissed with prejudice for want of prosecution, the
order of the trial court dismissing the suit must be reformed to eliminate the words
“with prejudice.” Id.; Melton v. Rylander, 727 S.W.2d 299, 303 (Tex. App.—Dallas
1987, writ ref’d n.r.e.). Although the trial court had authority to dismiss Midland’s
case for want of prosecution under Rule 165a, it improperly dismissed the case with
prejudice. 
          Accordingly, we sustain Midland’s first point of error. We modify the
judgment to dismiss the case for want of prosecution without prejudice. 
Sanctions
          In its second issue on appeal, Midland contends the award of sanctions must
be reversed because the trial court (1) did not provide Hosto & Buchan with proper
notice and hearing before imposing sanctions; (2) accepted evidence from Mr.
Azubogu at the time of trial regarding payment of the account, and such evidence
improperly formed the basis of the sanctions imposed for filing a frivolous lawsuit; 
(3) erred by awarding monetary sanctions on its own initiative; (4) erred by failing
to state the particulars of good cause for the order of Rule 13 sanctions, and (5)
lacked authority to impose sanctions for Midland’s failure to appear at trial.
          Midland did not raise these complaints in its motion for new trial and cannot
complain on appeal of such error, if any. See Tex. R. App. P. 33.1(a)(1)(A) (“[a]s a
prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion
that stated the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the complaint”); see
Sterling v. Alexander, 99 S.W.3d 793, 797 (Tex. App.—Houston [14th Dist.] 2003, 
pet. denied) (“We find appellant waived his objection to the trial court’s sanction
because he does not cite to any place in the record nor have we identified anything
in the record where he preserved his argument.”). Midland has waived any error
regarding the award of sanctions and cannot now complain on appeal.
          Accordingly, we overrule Midland’s second issue on appeal.
 
 
 
 
ConclusionWe modify the judgment to dismiss the case without prejudice, and, as
modified, we affirm.
 
 

     Sherry Radack
     Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.