IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00219-CV

No. 10-08-00220-CV

No. 10-08-00221-CV

No. 10-08-00222-CV

No. 10-08-00223-CV

 

ETC Katy Pipeline, LTD,

                                                                                    Appellant

 v.

 

FLR Pipeline Corridor No. 1, LLC,

CAMP
COOLEY LTD AND NORTH CC 

PIPELINE
CORRIDOR, LLC, 

McCORMICK
PIPELINE CORRIDOR, LLC, 

MARTIN
PIPELINE CORRIDOR, LLC, 

FPJ
PIPELINE CORRIDOR NO. 1, LLC, 

                                                                                    Appellees

 

 



From the 82nd District
Court

Robertson County, Texas

Trial Court No. 08-02-18,020-CV

Trial Court No.
08-02-18,022-CV

Trial Court No. 08-02-18,023-CV

Trial Court No.
08-02-18,024-CV

Trial Court No.
08-02-18,025-CV

 



Opinion



 

            The issue in each of these
five appeals is the same:  Should a trial court modify a dismissal order, filed
in a condemnation proceeding before the special commissioners 








have met, to remove the term “with
prejudice” when asked to do so by the condemning authority?  Our answer is yes.

            ETC Katy Pipeline, Ltd.
(ETC) filed five condemnation proceedings with the district judge on February
14, 2008.[1] 
Before the special commissioners met or made an award, ETC filed a motion to
dismiss on March 14, asserting that the matter had been settled between the
parties.  The landowners, noting ETC’s motion to dismiss, filed a motion on
March 18 requesting an award of attorney’s fees under section 21.019 of the
Texas Property Code.  See Tex.
Prop. Code Ann. § 21.019 (Vernon 2004).  On March 20, ETC filed a notice
of non-suit, stating again that the matters had been resolved.  On March 31,
the trial court made an allowance to the landowner for attorney’s fees and
granted the motion to dismiss “with prejudice to the refiling of same.”[2] 
 Id.

Apparently the matters had not been
resolved.  ETC filed five new proceedings on March 17, 2008.[3]

            On April 10, 2008, ETC filed
a motion to reinstate the case, to modify the dismissal order, or to grant a
new trial.  On April 30, it filed an amended motion to modify or correct the
dismissal order.  Also on April 30, it filed an amended motion for new trial. 
On June 11, the trial judge signed orders denying the post-trial motions.

            ETC says on appeal that the
court abused its discretion in failing to grant its post-trial motions to
reflect that the dismissal was “without prejudice.”  The landowners respond
that the court could not have abused its discretion because ETC offered no
evidence in support of its post-trial motions and that the doctrine of “invited
error” estops ETC from complaining about the court’s action.  We agree with
ETC.

Generally, an order dismissing a
proceeding with prejudice is improper when there has not been an adjudication
of the merits of the claims.[4] 
See Dueitt v. Arrowhead Lakes Property Owners, Inc., 180 S.W.3d 733,
741-42 (Tex. App.—Waco 2005, pet. denied) (dismissal for want of prosecution,
error not challenged in a timely filed motion to reinstate or motion for new
trial); Willis v. Barron, 604 S.W.2d 447, 450 (Tex. Civ. App.—Tyler
1980, writ ref’d n.r.e.) (dismissal for want of prosecution, judgment reformed
to delete “with prejudice”).  When a dismissal does not implicate the claims'
merits, the trial court should dismiss the claims without prejudice.  See
Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002) (citing Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999), and Crofts
v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962)).

            Here, the dismissal orders
were not and are not final.  ETC’s post-trial motions were timely filed and
ruled on by the court, and a notice of appeal was timely filed.  ETC asked the
court to correct the dismissal orders, and the court refused to do so.

            The landowners reply that
the doctrine of invited error presents an additional obstacle to ETC’s request
for modification of the dismissal orders.  We disagree.  The invited-error doctrine
is one utilized in appellate review.  It applies when a party asks something of
the trial court and then complains on appeal that the trial court granted it.  See
Yaqiento v. Britt, 188 S.W.3d 819, 829 (Tex. App.—Fort Worth 2006, pet.
denied) (citing Y Propane Serv., Inc. v. Garcia, 61 S.W.3d 559, 570
(Tex. App.—San Antonio 2001, no pet.)).  Although ETC’s notice of nonsuit
stated that the nonsuit was “with prejudice,” the motion to dismiss did not so
state, and the court granted the motion to dismiss.  Furthermore, ETC asked the
trial court to correct the error during that court’s plenary power, and it is
the trial court’s refusal to do so that is the grounds for their appeals.  
Under these circumstances, we hold that the doctrine of invited error does not
apply.

            The trial court abused its
discretion in refusing to modify the order of dismissal in each case.  We
therefore strike the words "with prejudice to the refiling of same"
from the “Order Dismissing Cause and Awarding Attorney’s Fees” in each case,
and we affirm the orders as modified.  Tex.
R. App. P. 43.2(b) (The court of appeals may . . . “modify the trial
court’s judgment and affirm it as modified.”).

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray concurs in the judgment with a note)*

Orders
Modified and Affirmed

Opinion
delivered and filed December 3, 2008

 [CV06]

 

*(Chief
Justice Gray concurs in the judgment.  A separate opinion will not issue.  He
notes, however, that there are two issues presented.  Appellant’s first issue
is whether the trial court has jurisdiction during the administrative phase of
a condemnation proceeding to grant the condemnee’s “motion to dismiss” “with
prejudice.”  Because a positive answer to that issue is a prerequisite to
reaching the second issue, I would review it and hold that, as asked, the
answer is yes.  The trial court has jurisdiction to render such an order—it may
be an erroneous order, but the trial court has jurisdiction to render such an
order.  This holding thus leads to appellant’s second issue of whether the
trial court erred in rendering such an order in these proceedings.  I agree
that it did.)

 









[1] From here forward, when we recite an
event, that event took place in each of the five cases in the trial court.

 





[2] Only  ETC’s notice of nonsuit states
“with prejudice.”  The motion to dismiss does not.





 

[3] The second set of five proceedings are
the subject of other matters before us:  five original mandamus proceedings (our
cause numbers 10-08-00212-CV thru 10-08-00216-CV), in which we conditionally
granted relief on October 1, 2008, (2008 WL 4444487) and denied rehearing on
November 26, 2008 (2008 WL ------), and five direct appeals from the orders
dismissing the second set of condemnation cases (our cause numbers
10-08-00248-CV thru 10-08-00252-CV).





[4] A dismissal with prejudice that becomes
final operates as a bar to relitigation of the same claims in a later
proceeding.  Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991)
(dismissal for discovery abuse); Decker v. Dunbar, 200 S.W.3d 807,
812-13 (Tex. App.—Texarkana 2006, pet. denied) (inmate claims).








wonder, “why?”  Why would I spend a good portion of my
Christmas holiday worrying about this case and writing this opinion.  The answer is very complex and would fill a
tremendous number of pages.  But in
summary, it is because we are a nation of laws, not of men.  We depend upon compliance with the rule of
law to bring order from chaos, consistency of result for all persons, and
predictability in the result of the manner in which we conduct our daily
affairs.  As a nation of laws, the whims
of those in power are supposed to
yield to the application of the rules.  

          If
I yield on not enforcing a “little rule,” how can you count on me to “properly”
draw the line deciding how big the rule must be before I will enforce it and
how much easier will it be to accept something wrong next time because it, too,
is easier or more expedient?  As a free
society, our primary protection against the power of the government is to rely
upon the judicial branch to enforce the rules that the people have agreed to
have their conduct governed by, and, to the very best of our human frailty, see
that the rule is enforced equally in every situation to which it applies.  That is implicit in the oath that I took
because there were no qualifiers.  It was
not that I would enforce the important provisions of the constitution or the
big statutes or rules.

          The
statute and rule says that Weaver owes a filing fee.  It has not been paid.  I would deny his motion to waive the filing
fee.

          If
Weaver refuses to pay the filing fee after the denial of the motion, I would
dismiss the appeal for that failure.  I
cannot join in what the Court does, so I must dissent.  

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Dissenting
Opinion delivered and filed January 5, 2005

Publish