**Johnny MOORE, Appellant,**

v.

**ARMOUR & COMPANY, INC., and Joe Lee Browning, Appellees.**

**No. 07–81–0282–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 19, 1983.

Kent Hale, Goss, Hale & Wells, P.C., Lubbock, for appellant.

James L. Wharton, Jones, Trout, Flygare, Moody & Brown, Lubbock, for appellees.

Before REYNOLDS, C.J., and COUNTISS, J.

COUNTISS, Justice.

This appeal is from a judgment dismissing, for lack of prosecution, appellant Johnny Moore's personal injury suit against appellees Armour & Company and Joe Lee Browning. The single issue before us is whether the trial court abused its discretion

in dismissing the case. We conclude that it did and reverse and remand.

On February 7, 1969, Moore filed suit against Armour and its alleged employee Browning, contending he was seriously injured in an auto-truck collision negligently caused by Browning. After the defendants answered, there was no activity in the case and it was dismissed by the trial court in December of 1976. However, pursuant to a motion by Moore, it was reinstated in February of 1977.

Between April of 1979 and March of 1980, there was sporadic activity, including unsuccessful attempts to depose Browning who has disappeared. In August 1980, Armour and Browning filed a motion to dismiss for lack of prosecution. Soon thereafter Moore's present attorney, the latest of several, was employed and in December of 1980, he asked the trial court to set the case for trial "at your earliest convenience on your next jury docket." The case was subsequently set for trial during the week of September 8, 1981, and Moore announced ready at a September 4, 1981 docket call. The case was eighth on the jury docket, however, and was not reached for trial that week. A few days later, on September 18, 1981, the trial court heard and granted the motion by Armour and Browning to dismiss the case for lack of prosecution.

By a single point of error, Moore contends the trial court abused its discretion in dismissing the case for want of prosecution. He argues that, regardless of his inattention to the case in the past, his request and readiness for trial at the time of the dismissal forbad its dismissal for lack of prosecution. We must agree.

All parties agree that a trial court has both express power, Tex.R.Civ.P. 165a, and inherent power, *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957), to dismiss a case for lack of prosecution. When that occurs, the only question for review is whether the trial court abused its discretion. In resolving that question, we acknowledge that the trial court is entitled to consider the entire history of the case, *see Denton County v. Brammer,* 361 S.W.2d 198, 201 (Tex.1962), and the plaintiff's assertion at a dismissal hearing that he did not intend to abandon the case is immaterial. *Reed v. Reed,* 158 Tex. 298, 311 S.W.2d 628, 630 (1958); *Gaebler v. Harris,* 625 S.W.2d 5, 6–7 (Tex.Civ.App.—San Antonio 1981, no writ). Where, however, at the time of the dismissal hearing the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution. *Rorie v. Avenue Shipping Co.,* 414 S.W.2d 948, 954 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.); *see also Wm. T. Jarvis Co. v. Wes-Tex Grain Co.,* 548 S.W.2d 775, 778 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.).

In this case, Moore had announced ready, secured a trial setting and, as this record affirmatively reflects, stood ready to go to trial when his case was dismissed. We conclude that a dismissal under those circumstances is an abuse of discretion. Point of error one is sustained.

The judgment of the trial court is reversed and the case is remanded for reinstatement on the docket of the trial court.

DODSON, J., not participating.