**Boni COVEN, Appellant,**

v.

**William H. HEATLEY, Temporary Administrator of the Estate of Glynda Mints, Deceased, Appellee.**

**No. 14506.**

Court of Appeals of Texas,
Austin.

July 16, 1986.

Rehearing Denied Sept. 24, 1986.

Bob Andrews, Austin, for appellant.

Karen Parker, K. Blake Coffee, Bankston, Wright & Greenhill, Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

SHANNON, Chief Justice.

Appellant Boni Coven seeks to set aside an order of the district court of Travis County dismissing her suit for want of prosecution. William H. Heatley, temporary administrator of the estate of Glynda Mints, deceased, is appellee. This Court will affirm the order of dismissal.

A brief procedural history of Coven's cause follows. In March 1979 Coven was injured in a one-car accident. The automobile was owned by Glynda Mints and was driven by Larry Dailey. Coven sued both Mints and Dailey. The parties commenced discovery, which was accompanied by numerous delays. During the pendency of the suit, Mints died and Coven's suit was dismissed thereafter for want of prosecution. *Coven v. Dailey*, 652 S.W.2d 527 (Tex.App.1983, writ ref'd n.r.e.). Because Mints' death tolled limitations, Coven was able to refile the suit against the administrator of Mints' estate in March 1982. On August 16, 1984, the Travis County district clerk mailed notice of the district court's intention to dismiss the second suit for want of prosecution unless by February 13, 1985 Coven filed a motion to retain the suit on the docket. On February 13, 1985, Coven filed a motion to retain, paid the jury fee, and filed a jury demand.

In response, appellee filed his own motion to dismiss for want of prosecution which was set for hearing on February 22, 1985, before Judge Cofer. On February 22, 1985, minutes before the scheduled hearing, Coven filed a motion to recuse Judge Cofer. Coven's motion to recuse was heard and denied by Judge May on March 5, 1985. The hearing on the motion to dismiss for want of prosecution was then reset for March 15, 1985, before Judge Mathews.

On March 15, the hearing to dismiss for want of prosecution commenced before Judge Mathews. A short time into the hearing, counsel for Coven moved orally to recuse Judge Mathews. Counsel then filed a written motion to the same effect. On March 19, Coven's motions to recuse Judge Mathews were denied by Judge Jones. Appellee's motion to dismiss for want of prosecution was reset for March 22. On that date, Judge Cofer granted the motion and signed an order dismissing the suit for want of prosecution.

By her first eight points of error, Coven claims that the district court erred in ordering her suit dismissed for want of prosecution because: 1) she exercised diligence in prosecuting the suit, 2) she complied completely with the local rules of the Travis County district courts, and 3) the case was set for trial at the time it was dismissed for want of prosecution.

■ Regarding Coven's first argument, a review of the procedural history of the litigation convinces this Court that the district court did not abuse its discretion in concluding that Coven failed to exercise due diligence in the prosecution of her suit.

■ Coven argues, second, that the district court abused its discretion by dismissing the suit after she had fully complied with the local rules of the Travis County district courts governing procedures for reinstating cases. The order of dismissal, however, was based on appellee's motion, not on the district court's procedures under the local rules. A court has inherent power to dismiss a lawsuit for failure to prosecute with due diligence, separate and apart from statutory or rule authority. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89 (Tex.1976); *Coven v. Dailey, supra*; Tex.R.Civ.P.Ann. 165a(3) (Supp. 1986). Compliance with local rules regarding reinstatement of a suit which has been set on the dismissal docket does not affirmatively insulate a party from a motion to dismiss filed by the opposing party, or from his own lack of diligence, or from the court's inherent power to dismiss for want of prosecution. Nor does compliance with local rules affirmatively establish due diligence, as a matter of law, as Coven's counsel seems to suggest. The district court did not abuse its discretion by dis-

missing this suit despite Coven's compliance with local rules.

■ Coven asserts, finally, that the district court abused its discretion by dismissing her suit for want of prosecution after she had set the suit for trial. Coven relies on *Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.*, 548 S.W.2d 775 (Tex.Civ.App. 1977, writ ref'd n.r.e.) and *Moore v. Armour and Co., Inc.*, 660 S.W.2d 577 (Tex. App.1983, no writ), in support of her thesis. These opinions do lend some credence to Coven's argument. In *Jarvis, supra,* the Court of Civil Appeals reversed an order of dismissal for want of prosecution because "the case was fraught with much activity on the part of Plaintiffs" and because "the trial court after hearing dismissed the cause for want of prosecution twenty-five days before it was scheduled to go to trial." 548 S.W.2d at 778. The appellate court concluded that dismissal, under those circumstances, was an abuse of discretion. Similarly, the court in *Moore, supra,* reversed an order of dismissal for want of prosecution because "Moore had announced ready, secured a trial setting and, as this record affirmatively reflects, stood ready to go to trial when his case was dismissed." 660 S.W.2d at 578. The court in *Moore* stated "[w]here ... at the time of the dismissal hearing the plaintiff has announced ready for trial and has secured a trial setting or is otherwise making a diligent effort to get the case to trial, the case should not be dismissed for lack of prosecution." *Id.* The court relied upon *Jarvis* and *Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948 (Tex.Civ.App.1967, writ ref'd n.r.e.) for this proposition.

In *Rorie*, the court, likewise, reversed an order of dismissal for want of prosecution because the dismissal was an abuse of discretion under the circumstances. The court emphasized that:

> [i]n the instant case there was not only great activity for a period of nearly eight months prior to the time the suit was dismissed, but there was a diligent effort on the part of appellant to bring the case to trial. He announced ready for trial on three different occasions.

414 S.W.2d at 954.

Of the three opinions relied upon by Coven, only *Moore* can be read to announce a rule that dismissal for want of prosecution, in face of a trial setting, is an abuse of discretion. Even *Moore* need not be read so broadly. The three opinions may be read to hold that under *all* of the circumstances (including the existence of a trial setting), it was an abuse of discretion to dismiss for want of prosecution. The court in each of the opinions mentioned other factors showing diligence on the respective appellant's part. In our view, the existence of a trial setting may not be treated as all-determinative, but instead should be considered, along with all the other circumstances, in determining whether the party exercised due diligence. Despite the trial setting in this cause, there was ample evidence from which the district court could have concluded that Coven failed to exercise due diligence. The district court did not abuse its discretion in so concluding. Coven's first eight points of error are overruled.

■ By points of error nine through thirteen, Coven attacks the procedures employed by the Travis County district courts in dealing with her motions to recuse Judges Cofer and Mathews. We overrule the points complaining of error in denying Coven's motion to recuse Judge Mathews since he did not preside at the hearing in which it was determined to dismiss Coven's suit. Accordingly, any error which may have been committed in considering the motion to recuse Judge Mathews was plainly harmless. Tex.R.Civ.P.Ann. 434 (1985).

Regarding the motion to recuse Judge Cofer, Coven complains 1) that Judge Cofer erred in not recusing himself, 2) that Judge May erred in not recusing Judge Cofer because sufficient evidence supported the motion to recuse, and 3) that Judge May erred in excluding certain evidence during the recusal hearing.

■ This Court has concluded that Coven waived any claimed errors committed in the consideration of her motion to recuse by failure to timely file her motion to recuse. Texas R.Civ.P.Ann. 18a (Supp.1986) sets out the procedure for recusing a trial judge. That rule provides that such motion be filed at least ten days before the date set for hearing or, if this is not possible, as early as practicable. Tex.R.Civ.P. 18a(a) and (e). Appellee's motion for dismissal for want of prosecution was originally set down for hearing on February 22, 1985. The motion, itself, informed Coven of the setting and that Judge Cofer would hear the motion. Notwithstanding this notice, Coven filed her motion to recuse Judge Cofer only a few minutes before the time scheduled for the hearing on the motion to dismiss for want of prosecution. As such, she failed to file the motion "at the earliest practicable time" before the hearing and she may not complain on appeal of claimed error in the hearing on the motion to recuse.

The judgment is affirmed.