FEDCO OIL COMPANY and Don R. Billingsley, Appellants,

v.

PRIDE REFINING COMPANY, INC., Cefor Holdings Corp., David Jones and Jimmy R. Morris, Appellees.

No. B14–89–00470–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 29, 1990.

Rehearing Denied April 26, 1990.

Marc D. Murr, Houston, for appellants.

Randall L. Brim, Robert H. Singleton, Jr., Eugene B. Wilshire, Jr., Beverly Arleen Sandifer, Houston, for appellees.

Before ROBERTSON, DRAUGHN and JACKSON B. SMITH, Jr., retired Justice (sitting by designation).

## OPINION

ROBERTSON, Justice.

This appeal is from an order dismissing appellants' causes of action "for want of prosecution." Appellants assert the dismissal order, in reality, is based on their failure to comply with a previous order abating the lawsuit as to Fedco Oil Company rather than on want of prosecution. Counsel for all parties to the lawsuit, at oral submission, simplified the question for our consideration by agreeing that the sole issue is whether the trial court abused its discretion in dismissing the causes of action for want of prosecution. Finding error in the trial court's action, we reverse the judgment and remand the cause to the trial court.

■ While the issue has been simplified by the agreement of counsel, it is nevertheless necessary to recite some of the trial court history of this case, spanning in excess of 750 pages, as reflected by the district clerk's transcript. Recitation of the case history is necessary to a review of the trial court's decision because in passing upon a motion to dismiss for want of prosecution, the trial court is entitled to consider the entire history of the case. *Moore v. Armour & Co.*, 660 S.W.2d 577, 578 (Tex. App.—Amarillo 1983, no writ).

Fedco Oil Company filed its original petition against Pride Refining Company, Inc., a foreign corporation, in June, 1980. The basis for the suit was breach of contract in the sale and purchase of crude oil. Following discovery, the trial court, in November and December, 1982, denied both parties' motions for summary judgment.

This case first appeared on the trial court's dismissal docket in March, 1985, at which time the then presiding trial judge, who was suffering from a terminal illness, granted appellant's motion to retain. We note that appellants state in their brief, and appellees do not deny, that this illness of the trial judge explained "in part, the long delay apparent between the filing and attempted trial of this lawsuit." The case again appeared on the dismissal docket in March, 1986, and the new trial judge, who replaced the previous trial judge, again granted appellant's motion to retain. Appellant then filed a motion for preferential setting certifying the case was ready for trial, to which appellee filed a motion in opposition.

On December 15, 1986, appellee Pride Refining Co. filed a plea in abatement alleging Fedco's charter to do business in the State of Texas had been forfeited for failure to pay franchise taxes. On the same day, appellants filed their third amended petition adding Billingsley as a plaintiff and alleging damages to Fedco's reputation and business in addition to damages for breach of contract.

On December 30, 1986, the trial court granted appellants' motion for preferential setting, ordering that the case "be set preferentially for trial at the first available trial date." While the transcript does not reveal when the case was actually set, the parties agreed during oral submission that the case was first set on the docket for trial on February 2, 1987.

On January 2, 1987, CEFOR Holdings Corp. (CEFOR), as successor to Pride Refining Company (Pride), filed a motion to

stay proceedings because it had forfeited its corporate charter by failing to pay franchise taxes, and because its assets had become the assets of its stockholder, Seatrain Lines, Inc., which was in bankruptcy. Ten days later, CEFOR filed a plea in abatement alleging: (1) that the name of Pride Refining, Inc. had been changed to CEFOR Holdings Corp.; (2) that although Pride was originally served as a Delaware corporation, it was later changed to a Texas corporation and, therefor, had not been properly served in the case; and (3) that Fedco and Billingsley lacked standing to bring the cause of action because of the forfeiture of Fedco's charter. Also on January 2, 1987, Pride filed a counterclaim against Fedco and Billingsley which was later stayed because Billingsley filed for bankruptcy.

Following Fedco's response to the plea in abatement, the trial court, on February 2, 1987, signed an order abating all "claims, demands and causes of action asserted by FEDCO Oil Company ... until such time as FEDCO Oil Company ... comply (sic) with the taxation provisions of the State of Texas." The trial judge specifically interlined and deleted all provisions of the order which would have prohibited Billingsley from pursuing the causes of action.

On May 12, 1988, Fedco and Billingsley filed their fourth amended petition naming David Jones and Jimmy R. Morris, officers of Pride, as additional defendants. Appellants alleged these parties were liable for damages because they had purchased Pride's primary asset with notice of the pending lawsuit, thereby defrauding appellants. In addition to all other damages, exemplary damages were sought.

On July 5, 1988, appellants filed a demand for jury trial and on August 18, 1988, the trial court set the case for trial "for the two week docket period commencing Monday, September 19, 1988." The written notice of the trial setting further provided: "If this case is not reached during this docket setting, it will be reset by the court for approximately 90 days."

On July 15, 1988, appellees Morris and Jones filed a plea in abatement alleging that both Fedco and Billingsley lacked standing to bring the action. The trial court, on December 5, 1988, ordered "that the Plea in Abatement filed by defendants Jimmy R. Morris and David Jones be and the same is hereby GRANTED."

On December 9, 1988, appellants filed a request for entry of final judgment which recited:

Plaintiffs Fedco Oil Company and Don Billingsley request that this Court enter a Final Judgment merging this Court's previous orders granting Defendants' Pleas in Abatement, pursuant to TEX.R. CIV.P. 301. Plaintiffs, by this Request, do not agree with and expressly oppose the Court's dispositions of Defendants' Pleas in Abatement and Motion for Protection. However, in order to pursue an appeal of this case and at the Court's suggestion, Plaintiffs for that limited purpose have filed this procedural Request.

A suggested form of Order is attached for the Court's convenience.

The judge did not sign the suggested order. Twelve days later, appellees, Pride and CEFOR, filed their "Motion to Dismiss for Want of Prosecution," reciting that their plea in abatement had been previously granted, that Fedco had made no attempt to reinstate its charter, and that "this case is over eight years old and should be dismissed for want of prosecution." Appellants filed a response to the motion to dismiss. On January 23, 1989, however, the trial judge signed an order dismissing for want of prosecution all causes of action asserted by Fedco Oil Company and Don Billingsley against Pride Refining, Inc., David Jones, Jimmy R. Morris, and CEFOR Holdings Corp. and ordering that "all costs of court incurred herein shall be borne by Plaintiffs." The extensive pleadings referred to above are illustrative of only some of the activity in this case.

The record before this court shows, without contradiction, that from the time the former judge of the 165th District Court was replaced, and the current judge signed the April, 1986, order granting the motion to retain, there was almost constant activi-

ty until the day the trial judge dismissed the case for want of prosecution. Following the second order to retain, plaintiff immediately moved for a preferential trial setting which was opposed by the defendants. The case was nonetheless prefrentially set first on the trial docket for February 2, 1987, but was removed because of pleadings filed by defendants. The case was again set for trial for the two week period beginning September 19, 1988.

■ In *Moore v. Armour & Co.*, 660 S.W.2d 577 (Tex.App.—Amarillo 1983, no writ), the court held that the trial judge abused his discretion in dismissing a case for want of prosecution where, at the time of the dismissal hearing, the plaintiff had announced ready for trial and had secured a trial setting or was otherwise making a diligent effort to get the case to trial. *Id.* at 578. We agree with this reasoning. *See also Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948, 954 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e); *William T. Jarvis Co. v. Wes–Tex Grain Co.*, 548 S.W.2d 775, 778 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e). Accordingly, in the instant case, we find the trial court abused its discretion in dismissing appellants' causes of action for want of prosecution where this record unquestionably shows that appellant Billingsley was making a diligent effort to get the case to trial, and that trial settings had twice been secured for the case.

Appellees argue that Billingsley's continual inclusion of Fedco Oil Company as a named plaintiff in all the instruments filed with the court (after the plea in abatement as to Fedco had been sustained) was sufficient justification for the trial court to order dismissal for want of prosecution. We are not impressed with this argument. The effect of the non-jurisdictional abatement of the cause of action as to Fedco was only to suspend further action until the cause for abatement had been corrected. *Continental Contractors, Inc. v. Thorup*, 578 S.W.2d 864, 866 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Further, the trial court specifically refused to abate Billingsley's cause of action against Pride and CE-

FOR. We therefore hold that the trial court erred in granting appellees' motion to dismiss the cause for want of prosecution. Because of this holding, we need not discuss appellants' contentions concerning denial of constitutional rights and violation of the United States Bankruptcy Code.

We reverse the judgment below, and remand the cause to the trial court.