CV4-709 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-000709-CV







Billy M. Reeves, Appellant



v.



American Honda Motor Company, Inc.; Woods Fun Center, Inc.; and Honda Motor
Company, Ltd., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 404,694, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING







PER CURIAM




 Appellant contends that the trial court erred in dismissing his cause for want of
prosecution. (1) The trial court dismissed the cause based on its overall history, not on a failure to
appear. Tex. R. Civ. P. 165a. We will affirm the trial-court judgment.

Dismissal for Want of Prosecution


 The decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse
of discretion. State v. Rotello, 671 S.W.2d 507, 508-9 (Tex. 1984). A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference
to any guiding principles. Metropolitan Life Ins. Co. v. Syntek Fin. Co., 881 S.W.2d 319, 321
(Tex. 1994); Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may not reverse
for abuse of discretion merely because we disagree with the trial court's decision. Buller, 806
S.W.2d at 226; Downer, 701 S.W.2d at 242.

 When deciding whether to dismiss a case the trial court may consider the amount
of activity in the case, the length of time the case was on file, requests for a trial date, and the
existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 56 (Tex.
App.--Houston [14th Dist.] 1993, no writ). The trial court may weigh as a factor that the
possibility for error in fact finding increases as time elapses from the event triggering the suit. 
See Southern Pacific Transportation Co. v. Stoot, 530 S.W.2d 930, 931 (Tex. 1975). The mere
occurrence of activity soon before the dismissal does not necessarily defeat a dismissal for want
of prosecution. Rotello, 671 S.W.2d at 509.

 A litigant asserting an abuse of discretion has the burden of proof because the
appellate court presumes that the trial-court action was justified. Hosey v. County of Victoria, 832
S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413,
415 (Tex. Civ. App.--Tyler 1972, writ dism'd).

The Dismissal in This Cause


 The accident that is the basis for the litigation occurred in January 1986. Appellant
filed suit in September 1986. Appellant began discovery, but engaged in no written discovery
from August 1988 until February 1993. In November 1993, appellant took its only oral
deposition in the cause. Appellees requested trial settings for November 1988, May 1993, and
November 1994. At least one setting was continued at appellant's request.

 Appellant has not met his burden to show a clear abuse of discretion in dismissing
this cause. The court could consider the lapse of time from the occurrence of the accident to the
motion to dismiss. Stoot, 530 S.W.2d 931. The court could consider the four-and-one-half-year
period of inactivity. See, e.g., Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900,
902 (Tex. App.--San Antonio 1989, writ denied) (nineteen months inactivity justified dismissal,
even though case filed for only three years). Appellant relies heavily on the existence of a trial
setting. That is one factor that the court may consider, but it is not determinative. Coven v.
Heatley, 715 S.W.2d 739, 741 (Tex. App.--Austin 1986, writ ref'd n.r.e.). Further, this is not
a cause in which an announcement of "ready" had been made. Moore v. Armour & Co., 660
S.W.2d 577, 578 (Tex. App.--Amarillo 1983, writ ref'd n.r.e.) (on September 4, plaintiff
announced "Ready" at docket call in case set for jury trial week of September 8; case eighth on
jury docket and not reached for trial that week; abuse of discretion to dismiss on September 18);
but see Moore v. Armour & Co., 748 S.W.2d 327, 331 (Tex. App.--Amarillo 1988, no writ) (on
appeal after remand) (announcement of ready and request for trial setting made at hearing on
motion to dismiss not enough to overcome three years of inactivity after remand). Finally,
appellant focuses heavily on the activity occurring shortly before the dismissal. Such activity is
one factor for the trial court to consider, but is not determinative. Rotello, 671 S.W.2d at 509. 
We do not substitute our judgment for that of the trial-court in determining the weight to give the
many factors that it may consider.

 Because appellant has not demonstrated that the trial court clearly abused its
discretion, we overrule his single point of error. We affirm the trial-court judgment.



Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: July 3, 1996

Do Not Publish
1. As their first reply point, appellees re-urge the contention that this Court does not
have jurisdiction over the appeal because appellant did not timely perfect appeal. 
Appellees contend that Woods' affirmative joinder in the motion to dismiss and oral non-suit of its counter-claim made the judgment final on August 22, 1994, which would have
made perfection late. However, an oral pronouncement does not trigger the appellate
timetables. See Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995); Harris
County Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex. App.--Houston [1st Dist.] 1994,
orig. proceeding). The appeal bond was filed before the final non-suit, making it premature
and therefore timely. Tex. R. App. P. 58. The record was timely filed under the applicable
sixty-day timetable. We overrule appellees' cross-point.



nable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 56 (Tex.
App.--Houston [14th Dist.] 1993, no writ). The trial court may weigh as a factor that the
possibility for error in fact finding increases as time elapses from the event triggering the suit. 
See Southern Pacific Transportation Co. v. Stoot, 530 S.W.2d 930, 931 (Tex. 1975). The mere
occurrence of activity soon before the dismissal does not necessarily defeat a dismissal for want
of prosecution. Rotello, 671 S.W.2d at 509.

 A litigant asserting an abuse of discretion has the burden of proof because the
appellate court presumes that the trial-court action was justified. Hosey v. County of Victoria, 832
S.W.2d 701, 704 (Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413,
415 (Tex. Civ. App.--Tyler 1972, writ dism'd).

The Dismissal in This Cause


 The accident that is the basis for the litigation occurred in January 1986. Appellant
filed suit in September 1986. Appellant began discovery, but engaged in no written discovery
from August 1988 until February 1993. In November 1993, appellant took its only oral
deposition in the cause. Appellees requested trial settings for November 1988, May 1993, and
November 1994. At least one s