biggerstaff 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00351-CV







Homer L. Biggerstaff, Jack D. Irwin, Frankie Slade Hughes, Marvin R. Casey,


Robert I. Worley, and Alex Alexander, Appellants



v.



City of Austin; Lee Cooke; Southwest Consulting Group, Inc., f/k/a ZR&R, Inc.;


and SVERDRUP/Gilbane, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 92-08494, HONORABLE PETER M. LOWRY, JUDGE PRESIDING








 This is an appeal from a district court's dismissal of a civil action for want of prosecution
and the subsequent denial of appellants' motion to reinstate. We will affirm.



BACKGROUND


 On June 15, 1992, appellants filed suit against appellees alleging several causes of action
stemming from appellees' relocation of Austin's municipal airport. Appellants requested a jury trial. From
June through August 1992, appellants obtained service on appellees, and the appellees filed answers and
several preliminary motions. In February 1996, appellees filed motions to dismiss the cause. The trial court
dismissed the cause and denied appellants' motion to reinstate. Although hearings were held on the
motions, the record does not contain a statement of facts. (1)   



DISCUSSION


 In two points of error, appellants complain that the district court erred by (1) granting the
motion to dismiss for want of prosecution and (2) refusing to reinstate the case.

 A trial court may dismiss a case not disposed of within the time standards promulgated by
the Texas Supreme Court. See Tex. R. Civ. P. 165a(2). (2) In addition, a trial court has inherent power to
dismiss a case for want of prosecution and will only be reversed on appeal upon a showing of clear abuse
of discretion. See Tex. R. Civ. P. 165a(4); Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957); Coven
v. Heatley, 715 S.W.2d 739, 740-41 (Tex.App.--Austin 1986, writ ref'd n.r.e.). A motion to reinstate
likewise is addressed to the trial court's discretion. See Goff v. Branch, 821 S.W.2d 732, 733 (Tex.
App.--San Antonio 1991, writ denied). A trial court abuses its discretion only when it acts in an
unreasonable and arbitrary manner, or when it acts without reference to any guiding rules or principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S.
1159 (1986); National Union Fire Ins. Co. v. Olson, 920 S.W.2d 458, 462 (Tex. App.--Austin 1996,
no writ).

 Although the trial court held hearings on the motions to dismiss and the motion to reinstate,
the appellate record does not include a statement of facts, findings of fact, or conclusions of law. 
Appellants carry the burden of presenting to this Court a sufficient record showing reversible error. Tex.
R. App. P. 50(d); see Escontrias v. Apodaca, 629 S.W.2d 697, 699 (Tex. 1982). Where there is no
statement of facts or findings, "we must presume the trial court had before it and passed on all facts
necessary to support the judgment." Goff, 821 S.W.2d at 733. Thus, in the absence of a statement of
facts, we must assume there was evidence to support both the trial court's dismissal and its refusal to
reinstate the cause. Charlie Thomas Ford, Inc. v. A.C. Collins Ford, Inc., 912 S.W.2d 271, 275 (Tex.
App.--Austin 1995, writ dism'd). On the record before us, appellants failed to demonstrate error or an
abuse of the trial court's discretion. Therefore, we overrule appellants' points of error.

 In any event, Rule 165a(2) permits cases not disposed of within the time standards
promulgated in the Supreme Court's Rules of Judicial Administration to be placed on the dismissal docket. 
Tex. R. Civ. P. 165a(2). Rule 6 of the Rules of Judicial Administration provides that civil jury cases should
be disposed of within eighteen months of the appearance date. Tex. R. Jud. Admin. 6. Approximately
thirty-five months passed from the appearance date in August 1992, until the next action when appellants
mailed a letter to appellees' counsel in July 1995. The cause was not dismissed until approximately forty-two months after appellees' appearance. The record does not reflect that appellants ever requested a trial
setting. Because of these delays, the cause was subject to being placed on the trial court's dismissal
docket. We cannot say that the trial court abused its discretion in dismissing the cause or refusing to
reinstate.



CONCLUSION


 We overrule appellants' two points of error and affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: November 13, 1996

Do Not Publish
1.   The transcript shows the following activity in the case:


(1) On September 15, 1992, appellants filed a Rule 11 agreement. 


(2) On July 12, 1995, appellants filed a copy of a letter sent to appellees'
attorneys requesting a non-party deposition. 


(3) On February 14, 1996, appellants noticed the non-party for deposition on
February 26. 


(4) On February 16 and 20, appellees filed motions to dismiss for want of
prosecution. 


(5) On February 22, appellants filed a motion requesting a discovery
schedule, a pre-trial conference, and requesting mediation.


(6) On February 23, appellants filed an amended notice of the non-party's
deposition.


(7) On February 28, after a hearing, the district court rendered its final
judgment dismissing the case.


(8) On March 28, appellants filed a verified motion to reinstate the case.


(9) On April 29, after a hearing, the district court denied the motion to
reinstate the case.
2.   Tex. R. Civ. P. 165a provides:


* * *



2. Non-Compliance With Time Standards. Any case not disposed of within
time standards promulgated by the Supreme Court under its
Administrative Rules may be placed on a dismissal docket.


3. Reinstatement. . . . The court shall reinstate the case upon finding after a
hearing that the failure of the party or his attorney was not intentional or
the result of conscious indifference but was due to an accident or mistake
or that the failure has been otherwise reasonably explained. . . .


4. Cumulative Remedies. This dismissal and reinstatement procedure shall
be cumulative of the rules and laws governing any other procedures
available to the parties in such cases. The same reinstatement procedures
and timetable are applicable to all dismissals for want of prosecution
including cases which are dismissed pursuant to the court's inherent power,
whether or not a motion to dismiss has been filed.



aced on the dismissal docket. 
Tex. R. Civ. P. 165a(2). Rule 6 of the Rules of Judicial Administration provides that civil jury cases should
be disposed of within eighteen months of the appearance date. Tex. R. Jud. Admin. 6. Approximately
thirty-five months passed from the appearance date in August 1992, until the next action when appellants
mailed a letter to appellees' counsel in July 1995. The cause was not dismissed until approximately forty-two months after appellees' appearance. The record does not reflect that appellants ever requested a trial
setting. Because of these delays, the cause was subject to being placed on the trial court's dismissal
docket. We cannot say that the trial court abused its discretion in dismissing the cause or refusing to
reinstate.



CONCLUSION


 We overrule appellants' two points of error and affirm the trial court's judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: November 13, 1996

Do Not Publish
1.   The transcript shows the following activity in the case:


(1) On September 15, 1992, appellants filed a Rule 11 agreement. 


(2) On July 12, 1995, appellants filed a copy of a letter sent to appellees'
attorneys requesting a non-party deposition. 


(3) On February 14, 1996, appellants noticed the non-party for deposition on
February 26. 


(4) On February 16 and 20, appellees filed motions to dismiss for want of
prosecution. 


(5) On February 22, appellants filed a motion requesting a discovery
schedule, a pre-trial conference, and requesting mediation.


(6) On February 23, appellants filed an amended notice of the non-party's
deposition.


(7) On February 28, after a hearing, the district court rendered its final
judgment dismissing the case.


(8) On March 28, appellants filed a verified motion to reinstate the case.


(9) On April 29, after a hearing, the district court denied the motion to
reinstate the case.
2.   Tex. R. Civ. P. 165a provides:


* * *



2. Non-Compliance With Time Standards. Any case not disposed of within
time standards promulgated by the Supreme Court under its
Administrative Rules may be placed on a dismissal docket.