TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00685-CV






Michael Delware, Individually, and Denise Delware, Individually, and as Next Friends


for David Delware, a Minor Child, Appellants



v.



Gary Pools Incorporated; Leif Zars, Individually; and Our Staff, Inc., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 92-13718, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING






 Appellants Michael and Denise Delware ("the Delwares") filed a personal injury
lawsuit against appellees Gary Pools, Inc. and Leif Zars (collectively "Gary Pools"), who later
filed a third-party suit against appellee Our Staff, Inc. Gary Pools and Our Staff filed separate
motions to dismiss for want of prosecution, and the district court granted both motions. The
Delwares appeal. Because we conclude that the district court did not abuse its discretion in
dismissing the case, we affirm its judgment.


BACKGROUND


 Because we evaluate all the circumstances of a case to determine whether a
dismissal for failure to proceed is proper, a summary of this case's history is in order. Before its
dismissal, the Delwares' cause of action had been on the district court docket in Travis County
for approximately eight years. The Delwares filed their original petition in September 1992. 
Gary Pools filed its answer in October 1992 and then moved for summary judgment in January
1993. After responding to Gary Pools's motion for summary judgment at the end of the same
month, the Delwares took no action to prosecute this case until fifteen months later, in April 1994,
when they made their first discovery requests. The first round of discovery continued through
the end of September 1994. (1) Meanwhile, in August 1994, Gary Pools filed a third-party suit
against Our Staff.

 Once initial discovery ended, the Delwares took no further steps to pursue their
cause of action until April 1996. After this eighteen-month period of inactivity, the parties
supplemented their discovery responses. Our Staff filed a motion for separate trials and a motion
for withdrawal of counsel, and the district court conducted a hearing on these motions in May
1996. Then, after approximately thirteen months of inactivity, in July 1997 the Delwares sent
additional discovery to Gary Pools.

 From July to December 1997, a second round of discovery was exchanged among
the parties. In addition, the Delwares obtained a trial setting for February 9, 1998. Gary Pools
filed a motion to continue the setting to which the Delwares agreed. The Delwares obtained a
second trial setting for March 23, 1998. After the parties agreed to attend a mediation in
February 1998, the trial setting was passed again.

 The parties' claims were not resolved in the mediation. But during the mediation,
a question arose as to whether the Delwares had standing to pursue their personal injury claim
after their bankruptcy. The following month Gary Pools filed a motion to abate state court
proceedings, asserting that the Delwares' personal injury claim was the property of the bankruptcy
trustee because it had not been included on a list of the Delwares' assets filed during their
bankruptcy. Gary Pools further argued that the bankruptcy trustee had not authorized the
Delwares' counsel to pursue this claim. The parties do not dispute that a stay was granted until
the bankruptcy court resolved this standing issue in March 1999.

 From March 15 to December 3, 1999, a span of eight and a half months, the record
reflects no further efforts to prosecute this case except for two notices of deposition that the
Delwares served on a treating physician who had intervened in the suit. Both scheduled
depositions were canceled. In December 1999, the Delwares supplemented their discovery
responses again and, in late February and early March 2000, propounded additional discovery.

 Sometime after April 20, 2000, according to affidavits filed with the district court,
the Delwares' attorney attempted to obtain a trial date between September and November 2000. 
In particular, two of the attorney's employees state in their affidavits that a Travis County district
court clerk informed them that no trial date was available between September and November and
that the earliest possible date on which a trial could be set was December 4, 2000. Gary Pools
and Our Staff filed separate motions to dismiss for want of prosecution on June 13, 2000 and June
14, 2000, respectively.

 After a hearing on both motions, the district court rendered judgment, dismissing
the Delwares' cause of action and Gary Pools's third-party suit against Our Staff. The parties did
not request findings of fact and conclusions of law. Subsequently, the Delwares moved to
reinstate their case on the district court's docket, and the court held a hearing on this motion. The
motion to reinstate was overruled by operation of law. The Delwares appeal the district court
judgment that dismissed their suit for want of prosecution and the denial of their motion to
reinstate.


STANDARD OF REVIEW


 We review both a district court's decision to dismiss a case for want of prosecution
and its decision not to reinstate a case under an abuse of discretion standard. McGregor v. Rich,
941 S.W.2d 74, 75-76 (Tex. 1997); State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984). Under
this standard, we reverse a judgment only if the district court acted arbitrarily and unreasonably,
or if it acted without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). The appellant bears the burden of producing a record that shows the district court
abused its discretion. Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). 
When no findings of fact and conclusions of law appear in the record, and none were requested,
we may affirm a district court's judgment on the basis of any legal theory supported by the record. 
Point Lookout West, Inc. v. Whorton, 742 S.W.2d 277, 278-79 (Tex. 1987).


DISCUSSION
 When reviewing a judgment dismissing a case for want of prosecution, the primary
issue is whether the plaintiffs exercised reasonable diligence. McGregor, 941 S.W.2d at 75;
Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976). In evaluating diligence, a
district court is entitled to consider the entire history of the case. Rotello, 671 S.W.2d at 509. 
The court may consider such factors as total amount of time on the docket, amount of activity in
the case, request for a trial setting, and whether or not the plaintiff gave a satisfactory explanation
for the failure to prosecute. McGregor, 941 S.W.2d at 75-76; Rotello, 671 S.W.2d at 509; see
also Coven v. Heatley, 715 S.W.2d 739, 740-41 (Tex. App.--Austin 1986, writ ref'd n.r.e.). A
decision to dismiss for want of prosecution is fact-specific; it should be based on an evaluation
of all the circumstances of a case. See Rotello, 671 S.W.2d at 509; Coven, 715 S.W.2d at 741. 
No one factor, examined independently, is dispositive. Ozuna v. Southwest Bio-Clinical Labs.,
766 S.W.2d 900, 902 (Tex. App.--San Antonio 1989, writ denied).

 For example, mere compliance with local rules does not affirmatively establish
reasonable diligence as a matter of law. Coven, 715 S.W.2d at 740. The existence of a trial
setting alone also does not establish reasonable diligence. Id. at 741. A plaintiff's recent flurry
of activity need not defeat a dismissal for want of prosecution. Rotello, 671 S.W.2d at 509. Even
a reasonable explanation for a plaintiff's delay is not determinative. Id. (delay due in part to
plaintiff's illness and lead attorney's eye surgery); McGregor, 941 S.W.2d at 76 (delay attributed
to plaintiffs' bankruptcy proceedings).

 Relying on Moore v. Armour & Co., 660 S.W.2d 577 (Tex. App.--Amarillo 1983,
no writ), the Delwares contend that the trial court abused its discretion because a trial date was
scheduled when the case was dismissed for want of prosecution. This Court has previously
determined that the holding in Moore should not be read so broadly and has held that the existence
of a trial date, by itself, does not prevent a district court from entering an order of dismissal for
want of prosecution. See Coven, 715 S.W.2d at 741.

 The record does not establish, however, that the Delwares had obtained a trial
setting at the time appellees filed their motions to dismiss. In Our Staff's motion to dismiss,
counsel asserted that no trial date had been set. At oral argument, counsel for Our Staff stated
that, prior to filing the motion, he spoke with an employee of the Travis County District Clerk's
office to ascertain whether the Delwares had obtained a trial setting and learned that they had not. 
In their response to the motions to dismiss, the Delwares merely asserted that trial was set for
December 4, 2000, but did not state when this setting was obtained. (2) In any event, whether this
trial date was set before or after Gary Pools (3) and Our Staff filed their motions to dismiss is only
one factor that a court may take into account. Id.

 The Delwares also argue that the opinion in Fedco Oil Co. v. Pride Refining Co.
illustrates that the district court abused its discretion here. 787 S.W.2d 572 (Tex. App.--Houston
[14th Dist.] 1990, no writ). In Fedco Oil, the history of the case extended over nine years;
additional parties and claims were joined, and the case was placed on the dismissal docket twice
and retained both times. Id. at 573-74. The case was also abated until the plaintiff complied with
state taxation provisions. Id. at 574. In addition, the plaintiff had secured two trial settings
before the case was dismissed. Id. at 573-74.

 The reviewing court stated that since the case had been retained on the docket in
1986, almost three years prior to the dismissal, "there was almost constant activity," including
two trial settings. Id. at 574-75. That court of appeals read the opinion in Moore to hold that a
district court abuses its discretion when it dismisses a case in which the plaintiff has "secured a
trial setting or was otherwise making a diligent effort" to prosecute the case. Id. at 575. The
appellate court then concluded that the district court had abused its discretion in dismissing the
case for want of prosecution "where this record unquestionably shows that appellant . . . was
making a diligent effort to get the case to trial, and that trial settings had twice been secured for
the case." Id.

 Fedco Oil is distinguishable. While Fedco Oil and the case at hand share similar
events--two trial settings and an abatement, even the Delwares' account of this case's history does
not reflect that their efforts to prosecute rose to the level of the "constant activity" found in Fedco
Oil. In addition, the case history in Fedco Oil did not contain delays that compare in number or
in length to those in the instant case.

 In addressing the delays in this case, the Delwares argue that they presented
reasonable explanations to the district court. A plaintiff who delays the prosecution of his claims
must establish that the cause of the delay was "fraud, accident or mistake such as is cognizable
in a court of equity in granting relief against the enforcement of a judgment." Callahan v.
Staples, 161 S.W.2d 489, 491 (Tex. 1942); Christian v. Christian, 985 S.W.2d 513, 515 (Tex.
App.--San Antonio 1998, no pet.). It may, however, be enough for a delaying plaintiff to
demonstrate that the delay "was not intentional or the result of conscious indifference but was due
to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R.
Civ. P. 165a(3); see also Christian, 985 S.W.2d at 515. One thing is clear--a district court has
the discretion to decide whether an explanation for a delay is reasonable in the context of the
entire case history. See McGregor, 941 S.W.2d at 76; Rotello, 671 S.W.2d at 509.

 In their response to the motions to dismiss, the Delwares do not mention any efforts
to prosecute this case prior to 1997 despite having filed suit in 1992. Specifically, the record does
not show that the Delwares offered an explanation for the fifteen-month period of inactivity from
January 1993 to April 1994. In addition, for the period of inactivity from September 1994 to
April 1996, the only explanation that the Delwares offer is that a physician who treated David
Delware entered a plea in intervention and that Gary Pools's attorney went on vacation. How
these events impeded the Delwares' ability to prosecute their case for eighteen months is unclear. 
 Another thirteen-month period of inactivity lasted from May 1996 to July 1997, and
again the Delwares gave the district court no explanation for this delay. From approximately
March 1998 to March 1999, all state court proceedings were stayed while the question of whether
the Delwares had standing to pursue their personal injury claim after their bankruptcy was
resolved. The final gap in activity occurred from March to December 1999. The Delwares claim
that for six of the nine months the Delwares' attorney of record was handling the entire case load
for his law office while his partner was serving with the military in Bosnia-Herzegovina. Also,
in the spring of 2000, the Delwares point out, there was a turnover in personnel in their attorney's
office.

 The record before us reflects circumstances that could reasonably have led the
district court to determine the Delwares had not acted with reasonable diligence. This case had
been on the district court docket for eight years. The parties passed on two prior trial settings.
In addition, the district court had evidence before it of the activity in this case, including the
multiple, lengthy spans of inactivity throughout the case's history. Three of these periods of
inactivity lasted in excess of one year. In sum, the Delwares made no effort to prosecute their
claim for almost four of the eight years that this case was on the district court's docket, excluding
the one-year stay. Finally, it was solely within the district court's discretion to find that, in the
context of the entire case history, the Delwares did not sufficiently or reasonably explain the
delays in prosecuting this case.

 In the absence of findings of fact and conclusions of law, we may uphold the
district court's decision to dismiss for want of prosecution on any theory supported by the facts. 
See Point Lookout West, Inc., 742 S.W.2d at 278-79. Based on the record before us, we cannot
conclude that the district court abused its discretion. Accordingly, issue one is overruled.

 In their second issue, the Delwares assert that the district court erred in failing to
apply the proper standard, under rule 165a(3) of the Texas Rules of Civil Procedure, when
considering their motion to reinstate. Tex. R. Civ. P. 165a(3). The Delwares further argue that,
because their delay was neither intentional nor the result of conscious indifference, the district
court abused its discretion in failing to reinstate their case.

 Rule 165a(3) provides, in relevant part, "The court shall reinstate the case upon
finding . . . that the failure of the party or his attorney was not intentional or the result of
conscious indifference but was due to an accident or mistake or that the failure has been otherwise
reasonably explained." Id. This Court has previously held that the reinstatement provisions of
Rule 165a(3) apply only to cases that are dismissed because of a party's failure to appear or to
make an announcement. Burton v. Hoffman, 959 S.W.2d 351, 354 (Tex. App.--Austin 1998, no
pet.). The record does not reveal, and the parties do not contend, that the district court dismissed
the Delwares' case for failure to appear or to make an announcement. These provisions do not
apply to cases, like this one, dismissed for want of prosecution due to failure to proceed. Id. 
Accordingly, we overrule the Delwares' second issue.


CONCLUSION


 Having overruled both of the issues presented on appeal, we affirm the district
court's judgment dismissing the Delwares' cause of action for want of prosecution.



 
 

 Jan P. Patterson, Justice

Before Justices Yeakel, Patterson and Powers*

Affirmed

Filed: March 29, 2001

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The Delwares filed for bankruptcy on September 7, 1994 and received a discharge on
January 6, 1995.
2. The Travis County district court management system does not reflect when trial settings are
obtained.
3. On appeal, Gary Pools submitted a copy of a letter from the Delwares' attorney, dated June
30, 2000, which states that the cause had been set for jury trial on December 4, 2000. Because
this letter is not included in the record, we may not consider it.



laim after their bankruptcy was
resolved. The final gap in activity occurred from March to December 1999. The Delwares claim
that for six of the nine months the Delwares' attorney of record was handling the entire case load
for his law office while his partner was serving with the military in Bosnia-Herzegovina. Also,
in the spring of 2000, the Delwares point out, there was a turnover in personnel in their attorney's
office.

 The record before us reflects circumstances that could reasonably have led the
district court to determine the Delwares had not acted with reasonable diligence. This case had
been on the district court docket for eight years. The parties passed on two prior trial settings.
In addition, the district court had evidence before it of the activity in this case, including the
multiple, lengthy spans of inactivity throughout the case's history. Three of these periods of
inactivity lasted in excess of one year. In sum, the Delwares made no effort to prosecute their
claim for almost four of the eight years that this case was on the district court's docket, excluding
the one-year stay. Finally, it was solely within the district court's discretion to find that, in the
context of the entire case history, the Delwares did not sufficiently or reasonably explain the
delays in prosecuting this case.

 In the absence of findings of fact and conclusions of law, we may uphold the
district court's decision to dismiss for want of prosecution on any theory supported by the facts. 
See Point Lookout West, Inc., 742 S.W.2d at 278-79. Based on the record before us, we cannot
conclude that the district court abused its discretion. Accordingly, issue one is overruled.

 In their second issue, the Delwares assert that the district court erred in failing to
apply the proper standard, under rule 165a(3) of the Texas Rules of Civil Procedure, when
considering their motion to reinstate. Tex. R. Civ. P. 165a(3). The Delwares further argue that,
because their delay was neither intentional nor the result of conscious indifference, the district
court abused its discretion in failing to reinstate their case.

 Rule 165a(3) provides, in relevant part, "The court shall reinstate the case upon
finding . . . that the failure of the party or his attorney was not intentional or the result of
conscious indifference but was due to an accident or mistake or that the failure has been otherwise
reasonably explained." Id. This Court has previously held that the reinstatement provisions of
Rule 165a(3) apply only to cases that are dismissed because of a party's failure to appear or to
make an announcement. Burton v. Hoffman, 959 S.W.2d 351, 354 (Tex. App.--Austin 1998, no
pet.). The record does not reveal, and the parties do not contend, that the district court dismissed
the Delwares' case for failure to appear or to make an announcement. These provisions do not
apply to cases, like this one, dismissed for want of prosecution due to failure to proceed. Id. 
Accordingly, we overrule the Delwares' second issue.


CONCLUSION


 Having overruled both of the issues presented on appeal, we affirm the district
court's judgment dismissing the Delwares' cause of action for want of prosecution.



 
 

 Jan P. Patterson, Justice

Before Justices Yeakel, Patterson and Powers*

Affirmed

Filed: March 29, 2001

Do Not Publish


* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 199