TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00642-CV







First Presidential Corporation, Appellant




v.




Air Response, Inc., Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 216, 285, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING







 First Presidential Corporation challenges the county court's dismissal of its suit for
want of prosecution. We will affirm the judgment.

 This suit began when First Presidential filed suit against Air Response on March 24,
1993. The parties exchanged discovery requests and responses. First Presidential filed a motion for
summary judgment on August 15, 1994, setting a hearing for September 8, 1994. On September 1,
1994, the trial court heard and granted Air Response's motion to postpone the summary-judgment
hearing; no order was signed, however, until July 5, 2000. The record reflects almost no activity in
the case during the intervening six years; the record does not reflect that First Presidential took steps
to prosecute its case against Air Response. Northland Properties (represented by First Presidential's
current counsel) intervened in 1996 to collect on an unpaid judgment against First Presidential; in
1997, Northland and First Presidential signed and filed an agreement that First Presidential would
pay Northland's judgment out of any proceeds it recovered against Air Response in this suit. In
1998, First Presidential's original attorneys withdrew.

 After years of inactivity, First Presidential on June 6, 2000 obtained a trial setting for
December 4, 2000; on June 9, 2000, Northland's counsel made his appearance as First Presidential's
counsel. On July 5, 2000, the court signed not only the order postponing the 1994 summary-judgment hearing, but also an order regarding a discovery dispute on which a hearing had been held
September 1, 1994. On July 28, 2000, Air Response filed a motion to dismiss the cause for want of
prosecution.

 The court held a hearing on August 15, 2000 and on August 28, 2000 signed an order
dismissing the case for want of prosecution. At First Presidential's request, the court filed findings
of fact and conclusions of law in support of its ruling.

 We review a dismissal for want of prosecution under an abuse of discretion standard. 
MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). The plaintiff bears the duty to
prosecute the case with diligence. See Bevil v. Johnson, 307 S.W.2d 85, 87-88 (Tex. 1957). 
Whether a party has exercised due diligence in prosecuting its case is a question of fact. MacGregor,
941 S.W.2d at 75-76. When resolving factual issues or matters committed to the trial court's
discretion, a court abuses its discretion only when it reasonably could have reached only one decision
and failed to do so. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). When determining
whether a cause should have been dismissed for want of prosecution, we can consider such factors
as the length of time the case was on file, the extent of activity in the case, whether a trial setting was
requested, and the existence of reasonable excuses for delay. See Maida v. Fire Ins. Exchange, 990
S.W.2d 836, 842 (Tex. App.--Fort Worth 1999, no writ). A belated trial setting or stated readiness
to proceed to trial does not conclusively establish diligence. Coven v. Heatley, 715 S.W.2d 739, 741
(Tex. App.--Austin 1986, writ ref'd n.r.e.); see also Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex.
App.--San Antonio 1999, no writ). The existence of a trial setting "may not be treated as all-determinative, but instead should be considered, along with all the other circumstances, in
determining whether the party exercised due diligence." Coven, 715 S.W.2d at 741.

 We conclude that the district court did not abuse its discretion by dismissing this case
for want of prosecution. Under the supreme court's guidelines, a non-family civil case should be
resolved in eighteen months or less. See Tex. R. Jud. Admin. 6(b), reprinted in Tex. Gov't Code
Ann., tit. 2, subtit. F app. (West 1998). This case pended more than seven years before the dismissal. 
First Presidential took no action to prosecute the case between August 1994 and June 2000; its
counsel explained that First Presidential and its original counsel had a disagreement, but counsel
withdrew after four years of inactivity, which was followed by almost two more years of inactivity
before current counsel made an appearance. The failure of the trial court to sign the order
postponing the summary-judgment hearing in 1994 in no way excuses First Presidential's subsequent
failure to pursue this action for more than half a decade. The June 2000 acquisition of a trial setting
for December did not erase the nearly six years of unexplained inactivity. Though the court had
discretion to allow the action to continue, we cannot say it abused its discretion by dismissing the
case.

 We resolve the sole issue on appeal against First Presidential. We affirm the
dismissal of the case for want of prosecution.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 31, 2001

Do Not Publish



perties (represented by First Presidential's
current counsel) intervened in 1996 to collect on an unpaid judgment against First Presidential; in
1997, Northland and First Presidential signed and filed an agreement that First Presidential would
pay Northland's judgment out of any proceeds it recovered against Air Response in this suit. In
1998, First Presidential's original attorneys withdrew.

 After years of inactivity, First Presidential on June 6, 2000 obtained a trial setting for
December 4, 2000; on June 9, 2000, Northland's counsel made his appearance as First Presidential's
counsel. On July 5, 2000, the court signed not only the order postponing the 1994 summary-judgment hearing, but also an order regarding a discovery dispute on which a hearing had been held
September 1, 1994. On July 28, 2000, Air Response filed a motion to dismiss the cause for want of
prosecution.

 The court held a hearing on August 15, 2000 and on August 28, 2000 signed an order
dismissing the case for want of prosecution. At First Presidential's request, the court filed findings
of fact and conclusions of law in support of its ruling.

 We review a dismissal for want of prosecution under an abuse of discretion standard. 
MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). The plaintiff bears the duty to
prosecute the case with diligence. See Bevil v. Johnson, 307 S.W.2d 85, 87-88 (Tex. 1957). 
Whether a party has exercised due diligence in prosecuting its case is a question of fact. MacGregor,
941 S.W.2d at 75-76. When resolving factual issues or matters committed to the trial court's
discretion, a court abuses its discretion only when it reasonably could have reached only one decision
and failed to do so. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). When determining
whether a cause should have been dismissed for want of prosecution, we can consider such factors
as the length of time the case was on file, the extent of activity in the case, whether a trial setting was
requested, and the existence of reasonable excuses for delay. See Maida v. Fire Ins. Exchange, 990
S.W.2d 836, 842 (Tex. App.--Fort Worth 1999, no writ). A belated trial setting or stated readiness
to proceed to trial does not conclusively establish diligence. Coven v. Heatley, 715 S.W.2d 739, 741
(Tex. App.--Austin 1986, writ ref'd n.r.e.); see also Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex.
App.--San Antonio 1999, no writ). The existence of a trial setting "may not be treated as all-determinative, but instead should be considered, along with all the other circumstances, in
determining whether the party exercised due diligence." Cov