# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00024-CV

**National Golf Operating, P.S., L.P., Appellant**

**v.**

**Williamson County Appraisal District, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 00-429-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## O P I N I O N

This is an appeal from a dismissal for want of prosecution in a property tax case. Because we cannot conclude from this record that the district court abused its discretion in dismissing the case, we will affirm its judgment of dismissal.

## BACKGROUND

In August 2000, National Golf Operating, P.S., L.P., filed the underlying suit against the Williamson County Appraisal District, protesting the appraised value that the District had set on its property for the tax year 2000. Through subsequent pleading amendments, National Golf added tax years 2001-03. On October 17, 2003, the district court sent notice to the parties that the case had been placed on the dismissal docket and would be dismissed for want of prosecution unless good cause was shown to maintain the case on the court's docket. *See* Tex. R. Civ. P. 165a. The district

court retained the case, however, and set it for trial on June 9, 2004. The case was not reached on that setting, and it was not re-set.

On August 14, 2006, the district court issued a second dismissal notice informing the parties that the case had been set on the dismissal docket for October 13 of that year. On October 10, 2006, National Golf filed a motion to retain the case on the district court's docket and set it for trial. At 9:15 a.m. on the scheduled day of the dismissal hearing, National Golf filed a motion to refer the case to non-binding arbitration. *See* Tex. Tax. Code Ann. § 42.225(a) (West 2002). The case was called on the district court's dismissal docket as scheduled. During the hearing, the district court, apparently dissatisfied with National Golf's explanation that its trial counsel had been consumed with other trials while the case was pending, stated, "I'm going to dismiss the case. I think it's just too long." National Golf replied that the district court was first required to refer the case to non-binding arbitration in light of the motion it had filed earlier that day. It argued that section 42.225(a) of the tax code "doesn't allow any discretion regarding allowing us to go to arbitration if we request it." Rejecting this entreaty, the district court dismissed the case by order at 3:30 p.m. that day. National Golf appeals this judgment of dismissal.

## ANALYSIS

A trial court may dismiss a case for want of prosecution under either its inherent power or Rule 165a of the Texas Rules of Civil Procedure. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); Tex. R. Civ. P. 165(a). We review a dismissal for want of prosecution under an abuse-of-discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). In a single issue on appeal, National Golf contends that because it had invoked section

2

42.225(a) of the tax code, the district court had no discretion but to refer the case to non-binding arbitration. *See Reagan Nat'l Adver. v. Vanderhoof Family Trust*, 82 S.W.3d 366, 370 (Tex. App.—Austin 2002, no pet.) (a trial court has no discretion to misapply the law). National Golf does not contend that the district court abused its discretion in any other respect when dismissing the case.

Section 42.225(a) of the tax code states, in relevant part:

> On motion by a property owner who appeals an appraisal review board order under this chapter, the court shall submit the appeal to non-binding arbitration. The court shall order the non-binding arbitration in accordance with Chapter 154, Civil Practice and Remedies Code. . . .

Tex. Tax. Code Ann. § 42.225(a). Emphasizing the "*shall*" in this provision, National Golf argues that section 42.225(a) imposed a mandatory duty on the district court to refer the case to non-binding arbitration and not dismiss it. *See* Tex. Gov't Code Ann. § 311.016 (West 2005). In National Golf's view, section 42.225(a) in effect trumps or divests the discretion the district court otherwise would possess to dismiss cases for want of prosecution. We disagree.

Statutory construction presents a question of law that we review de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We seek to discern the legislature's intent, as manifested first and foremost in the statutory text. *Id*. We ascertain the legislature's intent from the plain meaning of the words chosen when possible. *Id*. To that end, we consider statutory language in context, not in isolation. *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex.1998); *see* Tex. Gov't Code Ann. § 311.011(a) (West 2005). We also presume that the legislature acted with knowledge of the background law. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Words

3

and phrases that have acquired a technical or particular meaning shall be construed accordingly. Tex. Gov't Code Ann. § 311.011(b) (West 2005).

Although National Golf correctly observes that "shall" denotes a mandatory duty, *see* Tex. Gov't Code Ann. § 311.016, we must construe this legislative mandate in context with the background law that we also presume the legislature knew. *Acker*, 790 S.W.2d at 301. The inherent and rule-based power of trial courts to dismiss cases for want of prosecution is well-established in Texas law. *See Villarreal*, 994 S.W.2d at 630; Tex. R. Civ. P. 165(a). We also observe that the right to jury trial under the Texas Constitution is not only mandatory but "inviolate" when invoked, Tex. Const. Ann. art. I, § 15, yet the fact that a party files a jury demand, pays the jury fee, and obtains a jury trial setting does not alone preclude the trial court from dismissing the case for want of prosecution. *See Coven v. Heatley*, 715 S.W.2d 739, 741 (Tex. App.—Austin 1986, writ ref'd n.r.e.). Given this legal context, we cannot agree with National Golf that the legislature intended section 42.225(a) to mean—as its argument would imply—that a party can avoid an otherwise-supportable dismissal for want of prosecution by the bare act of invoking the statute at any moment before the trial court dismisses the case. *See* Tex. Gov't Code Ann. § 311.023(5) (West 2005) (when ascertaining legislative intent, we may also consider the consequences of a particular construction).

As this conclusion is dispositive of National Golf's sole argument in support of its issue, we overrule that issue.

**CONCLUSION**

We affirm the district court's judgment of dismissal.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   March 13, 2008