Affirmed and Memorandum Opinion filed May 29, 2008








Affirmed and Memorandum Opinion filed May 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00038-CR

_______________

 

DEMETRICK D. WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1036466

                                                                                                                                                

 

M E M O R A N D U M    O P I N I O N

Appellant
Demetrick Williams challenges his conviction for possession of less than one
gram of cocaine.  He contends that the judge assigned to hear his motion to
recuse the trial judge abused her discretion in failing to grant this motion. 
In addition, appellant asserts that the trial court erred in excluding evidence
relating to an investigation of the Houston Crime Laboratory, and argues that
he received ineffective assistance of counsel.  We affirm the trial court=s judgment.








I.  Factual and Procedural Background

On
August 6, 2005, Houston Police Department (AHPD@)  officers detained appellant after
he was observed driving a stolen vehicle.  When one of the officers searched
appellant, he discovered a crack cocaine pipe in the pocket of appellant=s pants.  The officers performed a
field test on residue in the pipe, and it tested positive for cocaine.  
Additional crack cocaine pipes were found near the male passenger in the stolen
vehicle, and police arrested both men.

Appellant
was indicted for possession of less than one gram of cocaine.   His trial on
these charges was reset several times.  On September 8, 2006, three days before
an agreed jury trial setting in this case,[1]
appellant moved for Judge Susan Brown=s recusal,[2]
asserting that she was biased against him because he is a post-operative
transsexual.  Judge Brown declined recusal and referred the motion to Judge
Olen Underwood, Second Administrative Region.  The motion was assigned to Judge
Mary Lou Keel, who heard and denied the motion. 

On
September 11, 2006, the trial was reset to September 13, 2006.  Appellant
appeared with his counsel on September 13, 2006, and the case again was reset
by agreement.  The jury trial finally began on January 8, 2007.  








During
the trial, defense counsel called witness Annise Parker, City Controller for
the City of Houston.  Parker testified that she is a member of Athe stakeholders= committee that is overseeing the
independent investigation of the crime lab.@  In response to the State=s objection, the trial court spoke
with defense counsel and Parker regarding the intended subject of Parker=s testimony.  Parker stated she had
no personal knowledge Aof anything that=s going on inside@ the crime laboratory or of police
officer training, but did have knowledge of the investigation through her
position on the stakeholder=s committee.  The trial court sustained the State=s objections to Parker=s testimony and excused the witness. 
In addition, the court excluded a document entitled AFifth Report of the Independent
Investigator for the Houston Police Department Crime Laboratory and Property
Room@ by Michael R. Bromwich, Independent
Investigator.  

The jury
convicted appellant of the charged offense.  Appellant pleaded true to two
prior offenses, and the jury imposed punishment at eight years confinement in
the Institutional Division of the Texas Department of Criminal Justice and a
fine of $8,000.  This appeal timely ensued. 

II.  Issues Presented

Here,
appellant contends that Judge Mary Lou Keel abused her discretion in denying
his motion to recuse Judge Susan Brown for bias.  In addition, he argues the
trial court abused its discretion in excluding testimony and evidence concerning
the investigation of the Houston Police Department Crime Laboratory.  In his
third issue, appellant asserts he was denied the effective assistance of
counsel during the punishment phase of trial because his defense attorney
elicited testimony regarding plea-bargain negotiations and failed to object to
the admission of appellant=s disciplinary records from previous incarcerations in the
county jail.








III.  Analysis

A.        Motion for Recusal

1.         Governing Law

The
civil procedural rules governing the recusal of judges apply in criminal
cases.  Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (en
banc).  This procedure is set forth in Texas Rule of Civil Procedure 18a, which
provides:

At least ten days before the date set for trial or
other hearing . . . , any party may file with the clerk of the court a motion
stating grounds why the judge before whom the case is pending should not sit in
the case.  The grounds may include any disability of the judge to sit in the
case.  The motion shall be verified and must state with particularity the
grounds why the judge before whom the case is pending should not sit.  The
motion shall be made on personal knowledge and shall set forth such facts as
would be admissible in evidence provided that facts may be stated upon
information and belief if the grounds of such belief are specifically stated.

Tex.
R. Civ. P. 18a(a). We
review the denial of a recusal motion for abuse of discretion.  Tex. R. Civ. P. 18a(f).  

2.         No Abuse of Discretion

On
appeal, the State argues that appellant cannot complain that his recusal motion
was improperly denied because the motion was untimely.  Although the conduct
about which appellant complained occurred on April 26, 2006, he did not move
for recusal until September 8, 2006Cthree days before the case was set
for trial.  Appellant concedes that his recusal motion Awould not have been timely filed had
the case gone to trial on Sept[ember] 11, 2006, as was originally scheduled,@ but contends that the motion was
timely because the case was subsequently reset and was not called for trial
until January 8, 2007.








We conclude
that the motion was untimely, and appellant cites no contrary authority. 
First, the plain language of the rule requires parties to file recusal motions
10 days Abefore the date set for trial or
other hearing . . . .@ (emphasis added).  It is undisputed
that appellant moved to recuse the presiding judge three days  Abefore the date set for trial.@  The fact that the trial was reset after
the recusal motion was denied does not change this result.  See Arnold
v. State, 778 S.W.2d 172, 179B80 (Tex. App.CAustin 1989) (holding a recusal
motion filed less than ten days before a trial setting untimely, despite the
fact that the trial was continued to a later date), aff=d on other grounds, 853 S.W.2d at 543; Coven v.
Heatley, 715 S.W.2d 739, 742 (Tex. App.CAustin 1986, writ ref=d n.r.e.) (using the
originally-scheduled hearing date to determine timeliness of a motion to
recuse).  Were it otherwise, the timeliness of a motion to recuse could only be
determined in retrospect.

Appellant
further suggests that his motion was timely simply because it was heard, but
this argument is also unpersuasive.  An untimely recusal motion is procedurally
deficient.  See Tex. R. Civ. P. 18a(a). 
The deficiency is not cured simply because the judge assigned to determine the
merits of the motion conducts a hearing.  See Coven, 715 S.W.2d at 740,
742 (pointing out that motion to recuse was heard but holding the motion
untimely).[3]  We therefore
overrule appellant=s first issue.

B.        Exclusion of Evidence of
Houston Crime Laboratory Investigation

1.         Governing Law








Trial
courts are usually in the best position to determine whether certain evidence
should be admitted or excluded.  Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997) (en banc).  We then review the trial court=s evidentiary rulings for abuse of
discretion.  Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App.
1990) (en banc).  We will not disturb the trial court=s ruling if it is Awithin the zone of reasonable
disagreement.@  Winegarner v. State, 235 S.W.3d 787, 790 (Tex. Crim. App.
2007).  Instead, we will uphold the ruling if it is reasonably supported by the
record and correct on any theory of law applicable to the case.  Willover v.
State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

2.         No Abuse of Discretion

Appellant
argues the trial court should have admitted evidence that there have been
investigations into the Crime Laboratory=s practices, procedures, and
results.  According to appellant, this evidence is admissible because Athe jury should be able to consider
the facts that would have been presented in assessing the credibility of Mona
Medalla . . ., who tested the crack pipe and testified at trial, whether she
was trained properly, and whether she truly was an >expert= in her field.@  

But
Parker, whose testimony was offered in connection with the investigation, was a
lay witness, and a lay witness usually may not testify about matters of which
the witness lacks personal knowledge.  Tex.
R. Evid. 602; Osbourn v. State, 92 S.W.3d 531, 535 (Tex. Crim.
App. 2002); Wright v. State, 178 S.W.3d 905, 918B19 (Tex. App.CHouston [14th Dist.] pet. ref=d) (citing Texas Rule of Evidence 701
and concluding that detective=s demonstration of manner in which crime allegedly occurred
was admissible based on detective=s reasonable inferences from facts
within his personal knowledge).  Here, Parker had no personal knowledge of
events occurring inside the Houston Crime Laboratory, and no knowledge of
proper training procedures.  Appellant presented no evidence that Parker was
familiar with the training necessary to prepare a person to analyze an unknown
substance or the procedures necessary for the reliable performance of such
analysis.  








Moreover,
evidence of prior investigations of the Houston Crime Laboratory are not
relevant, because appellant presented no evidence linking the investigation to
Medalla=s analysis of the evidence in this
case on January 8, 2007.  The author of the proffered report identified certain
Aissues@ in nearly 23 percent of the
controlled substance analyses performed during an unspecified time period, but
no evidence was presented indicating that such Aissues@ were present here.  For example, one
issue identified in the report was the practice of some analysts to base
reports on visual or physical identifications without analytical testing.  Medalla,
however, testified that she analyzed the residue using a gas chromatograph mass
spectrometer.  The report=s author also indicated that some analysts made assumptions
about the quantity of codeine in liquids or identified the quantity of
controlled substances in tablet form based on visual inspection; but tablets
and liquids are not at issue here.  Similarly, there was no evidence that the
Crime Laboratory failed to report probative findings, issued an inaccurate report,
or produced conflicting test results regarding the pipe residue at issue in
this case.  

In sum,
nothing in the report or in Parker=s proposed testimony tended to make
Medalla=s findings more or less likely or her
testimony more or less credible.  We therefore conclude that the trial court
did not abuse its discretion by excluding Parker=s testimony and the independent
investigator=s report.

C.        Ineffective Assistance of
Counsel

1.         Standard of Review

We
review a claim of ineffective assistance of counsel under the standard set
forth in Strickland v. Washington.  466 U.S. 668, 104 S. Ct. 2052
(1984).  Under Strickland, an appellant must prove by a preponderance
of the evidence that counsel=s representation fell below the objective standard of
prevailing professional norms and that there is a reasonable probability that,
but for counsel=s deficiency, the result of the proceeding would have been
different.  Id. at 687, 104 S. Ct. at 2064.  This test applies to claims
arising under the Texas Constitution as well as those arising under the United
States Constitution.  Hernandez v. State, 726 S.W.2d 53, 56B57 (Tex. Crim. App. 1986) (en banc).








Confronted
with a silent record, we must begin our review with the strong presumption that
defense counsel=s actions were motivated by sound trial strategy.  Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  We sustain
allegations of ineffective assistance only if firmly founded in a record that
affirmatively demonstrates the alleged ineffectiveness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996) (en banc), abrogated on other grounds by Mosley
v. State, 983 S.W.2d 249, 263 n.18 (Tex. Crim. App. 1998) (en banc).  The
record on direct appeal is usually inadequate to overcome the presumption and
show that counsel=s conduct fell below an objectively reasonable
standard of performance.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002).  But if the attorney=s conduct was so
outrageous that no competent attorney would have engaged in it, then defense
counsel=s performance
falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects the attorney=s subjective
reasons for the act or omission.  Goodspeed, 187 S.W.3d at 392.

2.       Opening
the Door to Admission of Evidence of Plea-Bargain Negotiations

Appellant first argues that his trial counsel was
ineffective because she opened the door to the admission of evidence of plea-bargain
negotiations.  But the record reveals that testimony regarding these
negotiations was not elicited by appellant=s trial counsel, but instead was
volunteered by appellant himself.  For example, after his attorney established
that appellant  had remained incarcerated since his arrest in August 2005, the
following exchange occurred:

Defense Counsel:      Why did you plead not guilty?

Appellant:                   Because, as the DA said,
I am not sitting here because I didn=t
want to go to TDC.

Defense Counsel:      Why - -

Appellant:                   I didn=t sign those - - my priors because I didn=t want to go to TDC.  I signed it because I=d already done the time that they were offering me and
I wanted to go home.  They offered me numerous offers during this trial, 10
months - - 

State:                          Objection, Judge. 
Objection.








Appellant:                   - - I could have went
home - - 

State:                          Objection, Judge. 
Objection.  Judge, plea negotiation is not admissible.

Court:             Sustained.

Appellant:                   I=m not guilty.

Defense Counsel:      You=ve got to respond to a question.  You
can=t just talk.

Thus, not only did
appellant volunteer this information regarding plea negotiations, but the trial
court sustained the objection to its admission.  Moreover, even if appellant=s trial counsel had engaged in
conduct that resulted in the admission of later plea-negotiation testimony from
the State=s rebuttal witnesses, appellant has not shown by a preponderance of the
evidence that there is a reasonable probability that, but for counsel=s deficiency, the result of the
proceeding would have been different.  Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.  

3.         Admission of County Jail
Disciplinary Records








Finally,
appellant asserts that his trial counsel was ineffective because she failed to
object to the admission of any part of appellant=s Harris County Jail disciplinary
records.  But ineffectiveness of counsel is determined based on the Atotality of the representation@ rather than by isolated acts or
omissions of trial counsel.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.
Crim. App. 1990) (en banc).  And when counsel=s reasons for alleged inaction do not
appear in the record, we will not conclude the attorney=s representation was deficient unless
the challenged conduct was Aso outrageous that no competent attorney would have engaged
in it.@  Goodspeed, 187 S.W.3d at 392
(quoting Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). 
Rather, the presumption that trial counsel=s performance was reasonably based in
sound trial strategy, coupled with the absence of any supporting evidence in
the record of unreasonableness, compels us to consider ways in which trial
counsel=s actions were within the bounds of
professional norms.  Mata v. State, 226 S.W.3d 425, 431 (Tex. Crim. App.
2007).

Here,
defense counsel=s failure to object to the admission of appellant=s disciplinary records from the
county jail is not outrageous, but instead falls within the wide range of
professionally competent assistance.  Appellant=s disciplinary records include
allegations that, while incarcerated, he was beaten by a corrections officer
because of his appearance and his sexual orientation.  The records also contain
a handwritten statement of another inmate who allegedly witnessed the
unprovoked attack and who supported appellant=s version of events.  This material
is consistent with defense counsel=s repeated attempts to portray
appellant as a victim, and arguably supports defense counsel=s plea for leniency.  

Because
we cannot say that appellant has overcome the presumption that his attorney=s actions were motivated by sound
trial strategy, we overrule appellant=s third issue.

IV.  Conclusion

We hold
appellant failed to demonstrate that Judge Keel abused her discretion in
failing to grant his motion to recuse Judge Brown.  He has also failed to
establish that the trial court abused its discretion in excluding testimony and
evidence regarding prior  investigations of the Houston Crime Laboratory. 
Finally, we conclude that appellant has failed to overcome the presumption that
his trial counsel effectively represented him.  We therefore overrule the three
issues presented on appeal and affirm the trial court=s judgment.

 

 

/s/        Eva M. Guzman

Justice

Judgment rendered and Memorandum
Opinion filed May 29, 2008.

Panel consists of Justices Yates,
Guzman, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  In appellant=s
brief, this September 11, 2006 setting is erroneously identified as the first
trial setting.  On December 20, 2005, an agreed setting was entered scheduling
a jury trial on April 24, 2006.  The trial did not take place at that time. 
Appellant appeared with counsel on April 26, 2006, and the trial was reset by
agreement to begin on September 11, 2006. 





[2]  Although the motion is titled ADefendant=s
Motion to Disqualify Judge,@ it is in
substance a motion for recusal.





[3]  See also Jordan v. State, No. 03-02-00042-CR,
2002 WL 31083485, at *1 (Tex. App.CAustin
2002, no pet.) (not designated for publication) (noting that the judge assigned
to hear and determine the merits of the motion to recuse may also decide
whether the motion was procedurally sufficient).